# Huckabee *et al. v.* Nelson, *Adm'x.*

### *Action on Promissory Note.*

1. *Partnership; what does not constitute.*—One who purchases a lot of land, and takes a conveyance in his own name, with the intention that another, who promised, in a conversation about the anticipated purchase, to "go halves" in it, should share as a partner in the transaction—the promise never afterwards being alluded to or carried into effect—does not thereby become the partner of the latter, or authorized to bind him, by executing a note in his name for necessary improvements put upon the land, by contract with the purchaser.

2. *Section* 2704 *Revised Code; construed.*—Neither the letter nor spirit of the exception contained in section 2704 Revised Code, as to the competency of witnesses, forbids a party to the suit, by or against the administrator, testifying to matters in which the deceased did not participate, and of which, for want of knowledge, he could not testify, if living.

3. *Judgment; when reversed for error prejudicial to only one of several defendants.*—A court of law will not split up a single action into two or more, leav-

[Huckabee *et al. v.* Nelson, *Adm'x.*]

ing one part in one court and another in another court; hence, on reversal for error prejudicial to only one of two defendants who appeal from the judgment of a law court, the appellate court must reverse the judgment as to both, and remand the cause.

APPEAL from Circuit Court of Perry.

Tried before Hon. MILTON J. SAFFOLD.

This was an action, brought by the appellee against appellants, on two promissory notes, given under the following circumstances: In 1861, appellant Hawks, wishing to purchase some lands then for sale, he and Huckabee had several conversations about purchasing it, and Huckabee told him to buy and he would go halves with him. Without anything more being said, Hawks purchased the lands, took the title in his own name, and subsequently paid for them with his own means. The property needing some improvements, he employed some slaves of the plaintiff's intestate to do the necessary work, and executed therefor the notes in controversy, signing thereto the names of both Huckabee and himself. Upon this evidence of their execution, the court, against the exception and objection of Huckabee, allowed the notes to be read in evidence to the jury. Huckabee had filed a sworn plea of *non est factum.* Huckabee then offered to testify that he was not a partner of Hawks at the time of the execution of the notes sued on. This the court refused to allow him to do, on the ground that he was incompetent, as the answer would relate to a transaction with plaintiff's intestate. Hawks and Huckabee both prayed an appeal, and gave a joint appeal and *supersedeas* bond. Hawks did not make any defense in the court below, or raise any objections to its rulings. Upon motion, appellants, were allowed to sever in the assignment of errors, and Huckabee was allowed to assign errors in his own name. The only assignment which appears in the record, is by Huckabee, in his own name.

BROOKS, HARALSON & ROY, for appellants.—Huckabee should have been allowed to testify whether he was a partner of Hawks or not, and whether or not he had any interest in the improvements. He was competent to do so, and in so testifying, he would not have testified to any transaction with the intestate; but his testimony would have related to transactions between him and Hawks, about which Hawks had already testified.—R. C., § 2704. Where the plea of *non est factum* is interposed, the parties stand as they did at common law, when the general issue was pleaded; and before the plaintiff is entitled to introduce the notes in evidence, he

[Huckabee et al. v. Nelson, Adm'x.

should prove *prima facie* their execution.—*Crowe v. Decatur Bank*, 5 Ala. 249.

Plaintiff had failed to show *prima facie* execution, and the notes should not have been admitted in evidence against Huckabee.

WALLER, PITMAN & WALLER, *contra.*—The evidence of Hawks clearly proved the execution of the notes, and they were properly admitted in evidence against Hawks, if not against Huckabee. The questions which the court refused to allow the defendant, Huckabee, to answer, were properly refused, for the reason alleged by the court. The exceptions were all taken by Huckabee, and a judgment of reversal as to him should not compel one as to Hawks, who made no defense to the action or objection to the rulings of the court, even though he gave a joint appeal and *supersedeas* bond with Huckabee.

MANNING, J.—It is quite clear that defendant Hawks had no authority from Huckabee to sign the name of the latter to the notes sued on. He, in effect, says so himself, when he speaks of his supposition, or expectation, at the time the notes were made, that, in consequence of the conversations had between him and Huckabee, and their intimate relations, Huckabee *would ratify* the signature. There is not any evidence, though, that it was ever ratified; and if the suit had been against Huckabee alone, the evidence of authority from him to sign his name to the note, or of his ratification of the act, was not sufficient to make the admission of the note proper.

But it was legal evidence against Hawks, and the objection of defendants ought to have been presented by a request from Huckabee to the court, at the proper time, for an instruction to the jury upon the effect of the note in this particular, and not by opposition to its admission ; which, if successful, would have excluded the note from their consideration against his co-defendant also.

Under section 2704 of the Revised Code, a party to a suit is a competent witness in it, except in respect to conversations, or transactions with a person deceased, whose executor or administrator is the adverse party. The object of the exception is to prevent a party to a suit from obtaining an unjust advantage of those interested in an estate, by allowing him to testify of dealings, or promises, or admissions, alleged to have been had with, or made by the former owner of the estate, who is not living to contradict or explain. Neither

the letter, nor the reason of the exception, relates to matters in which the deceased did not participate, and of which he could not, for want of knowledge, testify if living. It was in respect to such matters as these only—matters of which the deceased, Mr. Nelson, knew nothing at all—that it was proposed Huckabee should testify. Defendant Hawks was, unquestionably, responsible for the debt sued for. It was the price of valuable improvements made by plaintiff's intestate on his premises. He is introduced by plaintiff to prove that Huckabee, at times and places, when and where deceased was not present, entered into engagements with the witness, by which Huckabee became liable to pay one-half of witness' debt. Shall not Huckabee be allowed to oppose this witness, and deny what he has said, or explain the matter to the jury, so as, peradventure, to relieve himself from the burden of paying one-half of another man's debt, put upon him by this man's own testimony?

The question is presented in this form not because we have any reason to believe Hawks did not testify truly, but to show to what consequences the decision made upon this point in the court below, might easily lead, if it became a rule of practice. The court erred in refusing to permit Huckabee to testify in respect to transactions and conversations had, not with the deceased intestate of plaintiff, but with Hawks, and which the latter had been introduced by plaintiff to prove.

It is insisted for plaintiff that if this court should reverse the judgment for error against Huckabee, it should be affirmed against appellant Hawks, there being no error to his prejudice. Courts of law never split one action into two or more—as would be done in this by the course proposed—and leave one part of it in one court and one in another court. A plaintiff must pursue his one suit against several persons, as he brought it, to its conclusion as a single cause, unless as to some or one of the defendants it is abated, or is otherwise legally discontinued.

As the other points presented may not rise again, it is not necessary to pass upon them.

For the error of excluding Huckabee as incompetent to testify to any matter in the cause, the judgment is reversed, and the cause remanded.