# Massey *v.* Oates.

*Action for Personal Damages, caused by Negligence.*

1. *Damages; independent contractor.*—Where the owner of property employs a contractor of experience to do certain work in connection with the property, which work is not *per se* a nuisance, or dangerous, and the owner reserves no control or direction over the work, the contractor is an independent contractor, and the owner is not liable for damages incurred by reason of the negligence of the contractor in doing the work.

2. *Appeal; reversal of judgment against more than one appellant for error prejudicial to one only.*—A court of law will not split up a single action into two or more, leaving one part in one court, and another part in another court; hence on error prejudicial to only one of two defendants, who both appeal from the judgment of a law court, the appellate court must reverse the judgment as to both, and remand the cause.

APPEAL from City Court of Birmingham.

Tried before Hon. CHAS. A. SENN.

This was an action brought by appellee, W. R. Oates, against appellants, J. A. Massey and Mrs. L. L. Molton, seeking to recover damages alleged to have been sustained by the plaintiff by reason of the negligence of the defendants in the manner of paving a sidewalk abutting on the property of the defendant, Mrs. Molton. The opinion contains a sufficient recital of the facts, for an understanding thereof. From a judgment for the plaintiff, both defendants appealed, assigning errors separately.

PEYTON H. MOORE, for appellants, with whom, on application for re-hearing, were TILLMAN, GRUBB, BRADLEY & MARTIN.—An employer is not liable to one who is injured by negligence of an independent contractor, unless the work is *per se* a nuisance, or dangerous in its character.—*Birmingham v. McCary,* 84 Ala. 473; *McCafferty v. Spuyten R. R. Co.,* 61 N. Y. 178; *Ryder v. Thomas,* 13 Hun. (N. Y.) 296; *R. & D. R. R. v. Chasteen,* 88 Ala. 593, *Scarborough v. Ala. Mid. Ry. Co.,* 94 Ala. 497.

If a reversal of the lower court is made as to Molton, it must also be reversed as to Massey.—*Huckabee v. Nelson,* 54 Ala. 12; *Sprahue v. Daniels,* 31 Ala. 444.

GEORGE HUDDLESTON, for appellee:—Where the defect in a public street, which causes an injury, results directly from the act which a contractor is employed to do, the employer is liable.—*Mayor &c. v. McCrary,* 84 Ala. 469; *Storrs v. Utica,* 17 N. Y. 104; *Ohio S. R. Co. v. Morey,* 47 Ohio St. 217; 149 Mass. 340; 66 Pa. St. 464; 2 Dil. Mun. Corp. (3rd. ed.) sec. 1030.

When a municipality grants, to the owner of property abutting on a public street, authority to lay a pavement thereon, the owner is the grantee of a public privilege, which he cannot delegate, and cannot protect himself from damages on the ground that they arose from negligence of an independent contractor employed by him. *Colgrove v. Smith,* 102 Cal. 220; 27 Mich. 188; 31 Mich. 274; 22 N. Y. Ap. Div. 460; 15 Ohio Cir. Ct. 565.

[Massey v. Oates.]

McCLELLAN, C. J.—Molton, the owner of a business house abutting on a public street in Birmingham, made a contract with Massey, a man of experience and competency in the work, to lay a cement or concrete pavement on the sidewalk in front of this house. Massey was to furnish the material and labor, and his compensation was to be one dollar per yard of the pavement. It was understood that the work was to be promptly done and in such way as to involve the least inconvenience to the public and to Molton's tenants in said house. Molton reserved no control over Massey in respect of the work, nor did he assume to direct him in any way during its progress. A part of the work thus undertaken by Massey was the protection of the concrete pavement after being laid while it was drying and hardening. There were two ways of doing this: one method was to close in the space so that nobody could get on the pavement; and the other was to superimpose a temporary pavement or walkway of planking, so that the sidewalk could be used by the public and Molton's tenants while the concrete was hardening. In view of the understanding between Molton and Massey that the convenience of the public and of the occupants of the house should be conserved as far as possible in doing the work, it may be said to have been in their contemplation that the latter of these methods should be pursued, that is, that a board walkway should be constructed over the concrete so that the sidewalk could be used during the several days— from four to seven—that would be required for the pavement to harden. So that it may be said that Molton contracted with Massey primarily to lay a concrete pavement and secondarily or incidentally to construct a temporary board sidewalk in front of said house. The municipal authorities issued to Molton, or to Massey on behalf of Molton, a license for this proposed betterment of the sidewalk, which of course imported authority to construct the incidental temporary board walk; and, by the terms of the contract between Molton and Massey, the work was to be done according to specifications of the city's engineer. Massey proceeded with the work, laid the concrete pavement, and, to protect it while hard-

[Massey v. Oates.]

ening, constructed over it at a height of some six or seven inches a plank walk or floor to be used meantime as the sidewalk in front of the building. According to plaintiff's evidence this plank walk was defectively constructed, and in consequence the plaintiff, while attempting to use it as the sidewalk in passing along the street, lost his footing and fell, receiving the injuries he now complains of. His action is against both Molton and Massey; he recovered against both, and the sole question reserved on the trial for our consideration is whether Molton is liable.

It is, we understand, conceded in the case, and certainly the proposition cannot be even plausibly gainsaid, that, on the uncontroverted facts above stated, Massey was an independent contractor in the premises, and not the agent, servant, or mere employe of Molton. Nor is there any controversy as to the general rule of non-liability of a party, who thus contracts with another to do certain work, for negligence of that other in doing the work, whereby a third person suffers. It is recognized as a general proposition the doctrine *respondeat superior* has no application under such circumstances. But it is insisted, and was held by the city court, that this doctrine does not obtain in this case; but to the contrary, that an exception to the general rule, to the effect that, where injury results from the very thing contracted to de done, both the party having that thing done and the independent contractor doing it are responsible, applies here and fixes liability on Molton as, apart from this principle, it is fixed upon Massey. That there is such an exception to the general doctrine of non-liability in such cases is not to be questioned; it is, indeed, as well established as the rule itself. Both the general rule and this exception to it are as well stated and as aptly illustrated by Mr. Justice Sommerville, in *Birmingham v. McCary,* (84 Ala. 469), as anywhere in the books. The chiefest difficulty which courts have encountered lies in the application of the law to particular cases, for while there is substantial agreement in the formulation of both the rule and the exception, the decisions are widely divergent in respect of the practical operation of each, especially the exception. Some of

[Massey v. Oates.]

them hold the contractor—Molton here—liable under the exception in question. Others under like circumstances hold the contrary. We agree with the latter. To restate the case in the immediate particular invo'ved, at least with fairness, if not with favor, to the plaintiff: Molton contracted with Massey to construct the temporary board sidewalk. The construction of that walk was not a dangerous thing to plaintiff or the public. It was a perfectly safe thing to do. And properly constructed it was not dangerous to anybody. Its proper construction was the thing committed by Molton to Massey; such construction was possible and easily practicable. The injury to the plaintiff did not result from the doing of this thing, which and which alone Molton set Massey to do. But it resulted purely from the collateral and wholly unnecessary negligence of Massey in the manner of doing this thing which, but for such negligence, would have involved no danger. The case would be entirely different had the contract been for Massey to dig a trench in the street, and he had dug it, and plaintiff had received his injuries by falling into it. There the thing contracted to be done would in itself, and regardless of Massey's care, or the reverse, in doing it, have been the cause of the injury; and Molton too would have been liable, because that was the thing he had had Massey to do. And the same would perhaps be true, if the contract had been for Massey to dig a trench, lay a pipe therein and then refill it so that travel over it would be safe, and Massey had dug the trench and negligently omitted to so refill it. There too, probably, Molton would have been responsible to one injured by reason of the improperly filled trench, because Molton had had that trench dug. But neither of those is this case. Here the injury did not result from a plank sidewalk being there—did not result from the bringing into existence of anything which Moulton had contracted to be brought into existence, viz; a properly constructed sidewalk, but from Massey's negligence in failing to bring that thing into existence. An analogous case would be this: a contract between Molton and Massey to macadamize the street in front of Molton's property to an even depth

of one foot, and the carrying out of this undertaking by Massey for the contemplated distance, except as to one foot of the street, the result being to leave a ditch of a cubic foot in extent across the street. Now Molton did not contract with Massey to make or leave this or any ditch in the street, but quite the contrary. The existence of the ditch, therefore, could in no sense be ascribed to Molton. Its existence at any time was beyond his intention, in contravention of his contract and subversive of the end he had in view—the betterment of the street; so entirely and patently so, indeed, that it would be absurd to say that he *caused* it to be there, or that an injury received by a traveler from a fall into it resulted from a thing he had set Massey to do. That is in substance the case we have. The contract was to construct a plank walk across the front of Molton's property, continuous, of a certain width and of even surface, safe and secure for pedestrians. Massey, instead of doing this, constructed such a walk over part of this surface, but left a hole in it—a ditch, so to say—and into this hole plaintiff fell, and received the injuries he complains of in this action. It cannot be said with any respect for the meaning of words that Molton contracted for this hole to be there. It cannot be said that he in any sense caused Massey to leave this hole there. It came into existence without his agency. It was there in violation of the terms of his contract. Its presence defeated the purpose of his contract. He cannot be held responsible for the consequences to the plaintiff of its being there on the theory that he set Massey to have it there—that, though in fact he contracted for a walk without this hole in it, by that contract he authorized Massey to build a walk with this hole in it.—*Chatt. & Gulf R. R. Co. v. Behrman,* 136 Ala. 508.

Another position taken for the appellee—plaintiff below—is that the city by its license to Molton conferred on him all its power and charged him with all its duties in the premises, and that he could not delegate such powers and responsibilities to another so as to entitle him to make the defense, that the negligence which caused the injury was that of an independent contractor. One answer to this position is that the city did not confer all

its powers and duties in respect of the work on Molton, but reserved control of the undertaking through its engineer. Another is that, had the city itself let this contract to Massey, an experienced, competent and careful man, without reserving any control of the work, it would not be responsible for plaintiff's injury, unless its officers had been negligent in failing to discover and remedy the causal defect in the board walk, the damage from such defect not being incident to the thing contracted for, but to the collateral negligence of the contractor. And there may be others.—*Mayor and Aldermen of Birmingham v. McCary*, 84 Ala. 469, and authorities there cited.

The city court should have given the affirmative charge requested by defendant Molton. The judgment against Molton must be reserved on his separate assignment of errors, and as to him the cause will be remanded. The trial court committed no error prejudicial to the defendant Massey; the judgment as to him will be affirmed.

Affirmed in part and reversed in part, and cause against Molton remanded.

HARALSON, DOWDELL and DENSON, J.J., concurring.

## REHEARING.

Upon further consideration, we are of opinion, following the case of *Huckabee v. Nelson*, 54 Ala. 12, that the judgment of the court below should be reversed *in toto*. The former judgment of this Court will be modified so as to remand the judgment below as to both the defendants, appellants here.

McCLELLAN, C. J., HARALSON, DOWDELL and DENSON J.J., concurring.