# Lawrence, et al. v. Stone.

## Assumpsit.

(Decided April 9, 1909.   49 South. 376.)

1. *Judgment; Process to Sustain; Service.*—A service of process twenty days before the return day of the court is essential to sustain a default judgment.

2. *Same; Return of Service.*—The record must show that the process was served the required length of time before the default was taken, and hence, a process which does not show the date of service is not sufficient to sustain a default judgment; the process failing to show the date of service, no presumption is indulged that it was served on the date endorsed as of the appointment of the special deputy who served it.

3. *Same; Effect of Invalidity as to One Joint Defendant.*—Where a default judgment is void as to one joint defendant because of defective service of process as to him, such judgment will be set aside as to both defendants.

4. *Process; Evidence to Aid Return.*—For the purpose of sustaining a default judgment parol evidence is not admissible to show the date of service of process where the returns fail to show such date.

APPEAL from Cherokee Circuit Court.
Heard before Hon. W. W. HARALSON.

[Lawrence, et al. v. Stone.]

Assumpsit by J. A. Stone against J. R. Lawrence and others. Judgment by default, from which defendants appeal. Reversed and remanded.

HUGH REID, for appellant.—Twenty days notice of suit is necessary to sustain a default judgment. It cannot rest partly in parol and partly in writing.—*Timberlake, et al. v. Brewer*, 59 Ala. 108; *Graham v. Reynolds*, 45 Ala. 578; *Connelly v. A. & T. R. R. Co.*, 29 Ala. 373. Proper service alone is not sufficient, but there must be at the time the default is entered proper proof that a legal service is made.—6 Ency P. & P. 29; 23 Cyc. 760. The deficiency cannot be supplied by parol proof.—Authorities supra.

THOMAS BRADFORD, for appellee.—The judgment was good as to James R. Lawrence.—Sec. 2502, Code 1896. The motion is joint, and if the judgment is good as to the one, the motion is properly overruled.—*Fabel v. Boykin*, 55 Ala. 383. The presumption of law is favorable to the proposition that the branch summons was executed on the date of the appointment of a special deputy.—*Wheat's case*, Minor, 199.

DENSON, J.—This action was commenced on the 23d day of June, 1908, in the circuit court of Cherokee county against James R. Lawrence and F. M. Lawrence. A branch summons and complaint was issued to Calhoun county, and was served upon F. M. Lawrence in that county. The court convened on Monday, the 27th day of July, 1908, and on the 30th day of the same month judgment by default was rendered by the court against both of the defendants. From that judgment, the defendants bring this appeal.

Appellants have been granted a severance, and the assignments of error are both joint and several. The sum-

mons and complaint was served on James R. Lawrence on the 1st day of July, and, so far as he was concerned, the cause was ripe for judgment on the face of the sheriff's return. The indorsements on the branch summons and complaint are in the following words and figures: "I hereby deputize L. P. Carpenter to execute this writ, this June 27th, 1908. W. C. LeGrand, Sheriff."

"Executed by leaving a copy of the within summons and complaint with F. M. Lawrence, one of the defendants, at Jacksonville, Calhoun County, Ala., by L. P. Carpenter, S. D. S."

Service 20 days previous to the return day of the court is essential to the validity of a judgment by default in the circuit court.—Code 1907, § 5346; *Ivey v. Perry,* 97 Ala. 583, 12 South. 65. The return of the sheriff in respect to the service on F. M. Lawrence, it will be observed, is without date, and it is therefore insufficient as a foundation for the judgment by default. The record must show affirmatively that process was duly served the required length of time before the default was taken. "Nor could this deficiency be supplied by parol evidence. The return is the act of the officer, and must be in writing, and complete in itself. It cannot rest partly in parol and partly in writing. When deficient, it may be amended, but the amendment must be made by the officer under the direction of the court."—*Timberlake v. Brewer,* 59 Ala. 108, 117; *Eltzroth v. Voris,* 74 Ind. 460.

The appellee contends that, as the date of the appointment by the sheriff of Carpenter as special deputy is indorsed on the summons and complaint (June 27, 1908), the presumption arises that the service was made on that day; and cites *Wheat v. State,* Minor, 199, in support of the contention. In that case the sheriff's return was: "Received January 8th, 1822, and executed." The court said that the return clearly signified that the no-

[Lawrence, et al. v. Stone.]

tice was executed on the same day it was received. We do not doubt that the court was correct in so holding. But here the return is made by a deputy, and it is wholly disconnected from the endorsement and date of the appointment made by the sheriff. The case is not in point. It cannot avail appellee anything that, on the motion to set aside the judgment for lack of proper service of the summons, the clerk was allowed to testify that plaintiff's counsel asked him more than 20 days before the court convened if the branch summons and complaint had been returned; and that he informed counsel that it had been, with the sheriff's return thereon. Even if this evidence could be considered at any time competent (*Timberlake v. Brewer, supra*), it is the evidence of legal service which authorizes the default judgment, and it must be made at the time of judgment entry or not at all.—*Reinhart v. Lugo,* 86 Cal. 395, 24 Pac. 1089, 21 Am. St. Rep. 52. We can see no escape from the conclusion that the judgment was improperly rendered as to F. M. Lawrence.

This necessitates a reversal of the judgment as to both appellants.—*Hubbard v. Allen,* 59 Ala. 283; *Nasworthy v. Draper,* 9 Tex. Civ. App. 650, 29 S. W. 557.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.