(84 South. 415)

JONES v. MUNSON S. S. LINE.　(1 Div. 338.)

(Court of Appeals of Alabama. Nov. 11, 1919.)

1. MASTER AND SERVANT ☞259(5) — COMPLAINT BASED ON ACT OF SUPERINTENDENT HELD INSUFFICIENT.

A servant's complaint under Code 1907, § 3910, subd. 2, which alleged that an officer who exercised superintendence docked a vessel with loose lines, allowing the vessel to drift, and that plaintiff, who was employed as a day-laborer in and about the loading of the ship, was injured by a stage or plank falling upon him by reason of the loose lines, was insufficient to state a cause of action; there being no allegation that the officer was in any way superintending the loading, or docked the vessel for the purpose, or knew when he docked that the vessel was being docked for the purpose of being loaded, or was exercising superintendence during the loading, or had any notice that plaintiff would be liable to any injury by reason of any negligence on his part.

2. NEGLIGENCE ☞111(1)—COMPLAINT DEFINING PARTICULAR NEGLIGENCE TESTED BY SPECIAL ALLEGATIONS.

The sufficiency of a complaint which undertakes to define the particular negligence which caused the injury complained of must be tested by the special allegation in that respect, although the general allegation of negligence would, in the absence of such special allegation, be sufficient to make a prima facie case of negligence.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Dave Jones against the Munson Steamship Line for damages for personal injuries. Upon adverse rulings on the pleadings, plaintiff took a nonsuit and appeals. Affirmed.

Howard & Pegues, of Mobile, for appellant.

The court erred in its rulings. 183 Ala. 310, 62 South. 804; 184 Ala. 639, 64 South.

---

78; 194 Ala. 300, 69 South. 937; 194 Ala. 311, 69 South. 921.

Palmer Pillans and A. T. Gresham, both of Mobile, for appellee.

There was no error in the rulings on the pleadings. 159 Ala. 276, 48 South. 682; 164 Ala. 23, 51 South. 303; 191 Ala. 643, 68 South. 56; 172 Ala. 606, 55 South. 509, Ann. Cas. 1913E, 232; 189 Ala. 634, 66 South. 587; 128 Ala. 242, 29 South. 646; 1 Ala. App. 370, 56 South. 253; 159 Ala. 276, 48 South. 682.

SAMFORD, J. The complaint undertook to state a cause of action against the defendant under subdivision 2 of section 3910 of the Code of 1907, as follows:

"First count: Plaintiff claims of the defendant the sum of $750 as damages, for that on, to wit, the 26th day of April, 1918, the plaintiff was employed by the defendant as a day-laborer in and about the loading of a certain steamship at the defendant's docks in the city and county of Mobile, in the state of Alabama, and at the time of the injury hereinafter mentioned plaintiff, having been at work in the hold of the said vessel, had stepped therefrom to the docks in the pursuance of his duties: that said steamship was of large tonnage, necessitating the use of several strong lines and the employment and service of a number of men; and plaintiff says that the work of docking said vessel was done under the direction and supervision of an officer of said vessel known as a mate, whose name is to this plaintiff unknown, but who exercised superintendence then and there over the said ropes and men in making said vessel fast to the docks; and plaintiff further avers that in the exercise of said superintendence over said men the said mate was negligent, in this, that he then and there did not use reasonable care and diligence in directing said men and superintending said work of making the vessel fast, in that he negligently allowed said men to dock said vessel in a loose and insecure manner so that her said ropes did not hold her fast and secure to the said docks, but allowed her to drift or pull away therefrom, and that as a direct result of her being insecurely and improperly moored she got so far away from said wharf that one of her stages or planks no longer reached from the place where it was fixed on the said docks to the said vessel, and thereby the end of the same resting on said steamship fell upon the plaintiff whilst he was at work as aforesaid; and plaintiff avers that as a direct and proximate result thereof he was badly bruised, wounded, and injured in and about his thigh, leg, and knee, and as a proximate result thereof has lost much time from his work, has been put to much trouble, inconvenience, and expense for medicines and medical attention in and about his efforts to heal the same, and that he has suffered much pain and much distress and anguish; and plaintiff shows that said steamship was then and there operated by the defendant, and that he met his said injury as a direct and proximate result of the negligence of the said mate whilst acting as such superintendent of the defendant in directing the work of said men in docking said vessel; wherefore he sues."

[1] There is no allegation showing a connection between the docking of the vessel and the loading; there is no allegation that the mate was in any way superintending the loading; nor is it alleged that the mate docked the vessel for the purpose of loading, or knew when he docked that the vessel was being docked for the purpose of being loaded, or was exercising superintendence during the loading, or had any notice that plaintiff would be liable to injury by reason of any negligence on his part. The docking of the vessel with loose lines was not per se negligence, and could only become so when coupled with the knowledge on the part of the mate of facts to show that the reasonable and probable result of loosely tying the vessel would be to cause the stage or plank to fall on plaintiff. Those objections were properly raised by demurrer. The court did not err in its rulings. Decatur C. W. & Mfg. Co. v. Mehaffey, 128 Ala. 243, 29 South. 646; Southern Ry. Co. v. Goins, 1 Ala. App. 370, 56 South. 253.

[2] "The sufficiency of a complaint, in an action for personal injury, which undertakes to define the particular negligence which caused the injury, must be tested by the special allegation in that respect, although the general allegation of negligence would, in the absence of such special allegations, be sufficient to make a prima facie case of negligence." 6 Thomp. Negligence, § 7452; Birmingham Ore & Mining Co. v. Grover, 159 Ala. 281, 48 South. 682.

We find no error in the record, and the judgment is affirmed.

Affirmed.