190 So.2d 674

**ALABAMA POWER COMPANY, James Cordell Harvey and James Quinn**

v.

**Jessie KING and Frank Helton.**

**6 Div. 275, 275–A.**

Supreme Court of Alabama.

June 2, 1966.

Rehearing Denied Oct. 6, 1966.

Martin, Balch, Bingham, Hawthorne & Williams, Birmingham, for Alabama Power Co.

Rives, Peterson, Pettus & Conway, Birmingham, for appellant Harvey.

London, Yancey, Clark & Allen, Birmingham, for appellant Quinn.

Whitmire, Morton & Coleman, Birmingham, for appellees.

HARWOOD, Justice.

This appeal pertains to separate judgments in favor of two respective plaintiffs and against the three joint defendants, the cases having by agreement been tried together in the court below.

In the suit below Jessie King sought damages for the destruction of a house he owned in Blount County, Alabama. The defendants were the Alabama Power Company, and the drivers of two automobiles, James Cordell Harvey, and James C. Quinn. The jury trial resulted in a general verdict against the three defendants, damages being fixed at $8,000.

Frank Helton who occupied the house as a tenant of Jessie King also filed a suit against the same three defendants seeking damages for the destruction of personal property which was lost in the burning of the house. A general verdict in favor of Helton and against the three defendants was likewise returned, Helton's damages being fixed at $8,000.

The complaint in the Helton suit is in all material respects identical with the complaint in the King suit, other than averments that Helton was a tenant of King, and the damages sought were for the destruction of personal property.

The complaints in each suit were in one count, and in the King suit, as last amended, read as follows:

"Plaintiff claims of the defendants the sum of Eight Thousand and No/100 ($8,000.00) dollars, with interest thereon, as damages for that on, to-wit, August 9, 1962, while plaintiff was the owner of a certain dwelling house situated in Blount County, Alabama, located on Murphee Valley Road, at a point about one and one-fourth miles south of the intersection of said road with Altoona Road, public roads in said County and State, the defendant Alabama Power Company was engaged in the business of furnishing electric power, for domestic use, to residents of said County and State who re-

sided in the general community where plaintiff's said dwelling house was located, including residents of said County and State who resided in the vicinity of the intersection of said public roads; that on, to-wit, said date plaintiff's tenant Frank Helton, who together with members of his family resided in said dwelling house, was a customer of said defendant and was supplied electric current for domestic use in said dwelling house by means of defendant's system of overhead electric wires and appliances suspended or placed on poles set at intervals along said Murphee Road, extending from said dwelling to said intersection of said roads, and from thence in other directions, that on, to-wit, said date *defendant Alabama Power Company failed to maintain its said system of electric wires and appliances through which it supplied electric current for use in said dwelling in a reasonably safe condition,* and as a proximate consequence thereof, an electric current of such high and dangerous voltage was caused to be conducted into plaintiff's said dwelling house that said dwelling caught fire and was destroyed; that on, to-wit, said date the defendants James Cordell Harvey and James Quinn, while operating two separate motor vehicles at said intersection of said public roads caused said motor vehicles *to collide and thereby one or more of said motor vehicles was caused to run into one of the poles on which defendant, Alabama Power Company's system of overhead electric wires was strung, and thereby one or more of the wires* of said defendant's system of overhead electric wires which was charged with a high and dangerous voltage of electric current *was caused to come into contact with the wire or wires of said defendant's system of electric wires that furnished electric power to said dwelling house* and as a proximate consequence thereof an electric current of such high and dangerous voltage was conducted into plaintiff's said dwelling that it caught fire and was destroyed.

"And plaintiff further avers that his said dwelling house caught fire and was destroyed on said date and occasion as a proximate result of the combined and concurring negligence of the defendants James Cordell Harvey and James Quinn in and about the operation of said motor vehicles at said time and place and *the negligence of the defendant Alabama Power Company in failing to keep its said system of wires and appliances in a reasonably safe condition.*" (Emphasis added.)

The Alabama Power Company filed demurrers to each complaint, and grounds 2, 8, 9, 11, 24, and 26, were as follows:

"2. For that the facts averred do not constitute negligence as a matter of law.

\* \* \* \* \* \*

"8. For that it does not sufficiently appear how or in what manner this defendant was guilty of negligence.

\* \* \* \*. \* \*

"9. For that the quo modo of defendant's alleged negligence is set forth in said count and the facts therein averred are insufficient to constitute negligence as a matter of law.

\* \* \* \* \* \*

"11. For that said count shows no breach of duty or negligence on the part of the defendant or its agents, servants or employees.

\* \* \* \* \* \*

"24. For that the allegation that 'defendant Alabama Power Company failed to maintain its said system of electric wires and appliances through which it supplied electric current for use in said dwelling in a reasonably safe condition' is insufficient to charge this defendant with any wrongful conduct.

\* \* \* \* \* \*

"26. Said count fails to allege any breach of a duty owing by this defendant to the plaintiff at the time and place complained of."

The Alabama Power Company's assignment of error No. 1 is that the court erred in overruling its demurrer to the complaint as amended, and counsel for the Power Company have in brief argued jointly the grounds of demurrer above set forth.

In essence these grounds of demurrer are related and present the single question as to whether or not the complaint states a cause of action because of a failure to aver negligence on the part of the Power Company.

When assignments of error are so related as to present a single question, it is proper to group them for argument in brief. Wells Co. v. Lane, 217 Ala. 10, 115 So. 77; Boohaker v. Trott, 274 Ala. 12, 145 So.2d 179.

It is to be noted that the complaint as amended sets forth:

"That on, to-wit, said date defendant Alabama Power Company failed to maintain its said system of electric wires and appliances through which it supplied electric current for use in said dwelling in a reasonably safe condition.

\*   \*   \*   \*   \*   \*

"The defendants, James Cordell Harvey and James Quinn, while operating two separate motor vehicles at said intersection of said public roads caused said motor vehicles to collide and thereby one or more of said motor vehicles was caused to run into one of the poles on which defendant, Alabama Power Company's system of overhead electric wires were strung, and thereby one or more of the wires of said defendant's system of overhead electric wires which was charged with a high and dangerous voltage of electric current was caused to come into contact with the wire or wires of said defendant's system of electric wires that furnished electric power to said dwelling house.

\*   \*   \*   \*   \*   \*

"And plaintiff further avers that his said dwelling house caught fire and was destroyed \* \* \* as a proximate result of the combined and concurring negligence of the defendants James Cordell Harvey and James Quinn in and about the operation of said motor vehicles at said time and place and the negligence of the defendant Alabama Power Company in failing to keep its said system of wires and appliances in a reasonably safe condition."

An analysis of the complaint shows that it does not aver that the defendants negligently did or negligently failed to do anything, and the word "negligence" does not appear in the complaint except in the last paragraph which avers that the house was destroyed as a proximate result of the combined and concurring negligence of the two automobile drivers in the operation of their motor vehicles and the negligence of the defendant Alabama Power Company in failing to keep its system of wires and appliances in a reasonably safe condition.

This *dependent* averment in the last paragraph was insufficient to charge the defendants-appellants with actionable negligence. Capital Motor Lines v. Loring, 238 Ala. 260, 189 So. 897.

In Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443, the complaint, in parts material to this review, states:

" \* \* \* that on said date, within said 'visiting hours,' at about six o'clock in the afternoon, plaintiff was returning to her home after having just visited her said husband, in the room in said hospital which he was then and there occupying as a patient, and that as plaintiff was descending the stairs provided for the use of persons going to the second floor from the first floor, or descending from the second floor to the first floor

of said hospital building, said stairway was not sufficiently lighted to render such use by persons reasonably safe at that hour, and that as a proximate consequence of the negligence of defendant in failing to have said stairway sufficiently lighted to render such use by persons reasonably safe, plaintiff was caused to fall on the landing of said stairway, and sustained the following described personal injuries, * * *"

Demurrers to the complaint were overruled and on appeal it was argued that the complaint did not allege that the insufficient lighting of the steps was in consequence of negligence on the defendant's part, and that the complaint did not allege negligence, but at most assumed negligence. In holding that this point was well taken, this court stated:

"Another rule of pleading, well established, is, 'when a complaint for personal injuries specifies particular acts or omissions of the defendant as constituting the negligence upon which the action is founded, the complaint is insufficient on apt demurrer, unless such acts in themselves show or suggest negligence, and a general averment of negligence does not cure the defective specification.' Birmingham Ry., L. & P. Co. v. Barrett, 179 Ala. 274, 279, 60 So. 262, 263.

"And if the alleged acts in themselves do not constitute negligence as a matter of law, but are merely sufficient to suggest and to support an inference of negligence, the complaint must characterize the acts as negligence, and it is not enough that negligence be merely assumed. Birmingham Railway, Light & Power Co. v. Weathers, 164 Ala. 23, 51 So. 303; Birmingham Railway, L. & Power Co. v. Parker, 156 Ala. 251, 47 So. 138; Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann.Cas.1916A, 543; Garing v. Boynton et al., 224 Ala. 22, 138 So. 279."

Again, in the City of Birmingham v. Cox, 230 Ala. 99, 159 So. 818, the opinion sets forth that:

"The rules of our cases in this connection are stated in Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443 (headnotes 3 and 4), to be: (1) That a 'complaint specifying particular acts as constituting negligence, as basis for personal injury action, is insufficient on apt demurrer, notwithstanding general averment of negligence, unless acts specified in themselves suggest negligence'; and (2) that 'where acts alleged do not constitute negligence as matter of law, complaint must characterize acts as negligence; it being insufficient that negligence be assumed.'

"The negligence charged is that defendant allowed 'the open ditch, sewer or drain, occupying a part of 32nd Avenue, to be and remain without barriers, guard rails or other devices along the edge or near said open ditch, sewer or drain, for such an unreasonable length of time as to raise presumption of knowledge'; and that it had theretofore been stated, in the preceding section, that he suffered damage as a proximate consequence of defendant's negligence, carelessness or failure to provide proper guard rails or barriers at and near said open ditch, sewer or drain.' It will be observed that the rest of this pleading is, as indicated in the recent decision of Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 112, 145 So. 443, that the specific facts averred fail to show the duty and lack of the discharge thereof by the city."

To like effect are the pronouncements in Sloss-Sheffield Steel & Iron Co. v. Bibb, 164 Ala. 62, 51 So. 345; Birmingham Ore and Mining Co. v. Grover, 159 Ala. 276, 48 So. 682; Merrill v. Sheffield Co., 169 Ala. 242, 53 So. 219; Jones v. Munson SS Line, 17 Ala.App. 226, 84 So. 415; Capital Motor Lines v. Loring, 238 Ala. 260, 189

**124**

So. 897; Thompson v. White, 274 Ala. 413, 149 So.2d 797.

Since an electric power company is not an insurer, it is not under an obligation to so safeguard its wires that by no possibility can injury result therefrom. Its duty is to exercize that degree of care commensurate with the danger involved. Alabama Power Co. v. Berry, 254 Ala. 228, 48 So.2d 231, and cases cited therein. Clearly, therefore, the averment in the complaint that the Alabama Power Company failed to maintain its electric wires in a reasonably safe condition does not allege an act constituting negligence as a matter of law. At most, such averment merely suggests and supports an inference of negligence. In other words the averment that the Power Company failed to maintain its wires in a reasonably safe condition in no wise charges, other than by inference, that such condition resulted from negligence on the part of the Power Company. For instance, the wire may have broken because of interference therewith by a third party or agency rendering the wire unsafe. This being so, the failure of the complaint to characterize the act of the Power Company as negligence is fatal to the complaint, and the mere averment in the last paragraph that the damages were the proximate result of said negligence is merely an assumption on the part of the pleader, and cannot be deemed to cure the failure to aver negligence. See authorities cited, supra.

As to the two automobile drivers, the complaint merely avers that the motor vehicles collided and thereafter one or more of said motor vehicles ran into one of the poles of the Alabama Power Company. Clearly, such averment does not allege negligence as a matter of law, nor does it even suggest negligence on the part of the drivers. Yet the complaint in the final paragraph avers that the house was burned as a proximate result of the combined and concurring negligence of all three of the defendants.

In support of their argument that the complaint was good against demurrer, counsel for appellee cite only Aircraft Sales and Service v. Bramlett, 254 Ala. 588, 42 So.2d 144. This case involved the destruction of an airplane bailed to the defendants. The complaint after setting forth the facts of the bailment, states that the defendants failed to exercise reasonable care and diligence in the keeping of said airplane and as a proximate consequence thereof the plaintiff's airplane was destroyed by fire.

In holding the complaint sufficient, it was pointed out that when goods are lost while in possession of a bailee negligence is prima facie imputed to the bailee. The complaint therefore imputed negligence as a matter of law, whereas no such imputation arises in the present case.

We hold that the court erred in overruling the demurrer of appellant Alabama Power Company.

While demurrers were interposed to the complaint by each of the defendant automobile drivers, counsel for each of these appellants have directed their arguments to the action of the court in denying their respective requested written charges affirmative in nature.

The asserted error in this regard, in general terms, is that the wrongs charged to the automobile drivers individually and the damage allegedly resulting are not sufficiently conjoined as to cause and effect as to support a cause of action.

By pleadings and proof the claims against the Power Company and the other two appellants, the automobile drivers, are so intertwined as to be inseparable.

At common law a joint judgment was regarded as an entirety, and a reversal of the judgment as to one defendant required a reversal as to all. Some of our earlier cases reflect this rule. See Huckabee v. Nelson, 54 Ala. 12; Massey v. Oates,

143 Ala. 248, 39 So. 142; Lawrence v. Stone, 160 Ala. 382, 40 So. 376. This earlier rule of entirety has now been modified to the extent that where a judgment, though joint in form is several in effect, and the interests of the parties are several and independent, then such judgment is not necessarily considered as entire, and such joint judgment may be reversed as to one or more of the defendants and not as to the other. Young v. Woodward Iron Co., 216 Ala. 330, 113 So. 223, on rehearing.

■ This relaxation of the older rule has, however, never been applied where it might work an injustice to one party defendant if the judgment were to be affirmed as to him while reversed as to one or more of the joint defendants. In such case the power exists, in the ends of justice, to reverse the judgment in its entirety. City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276; Luquire Ins. Co. v. Parker, 241 Ala. 621, 4 So.2d 259; Zemczonek v. McElroy, 264 Ala. 258, 86 So.2d 824.

Being clear to the conclusion that the lower court erred in overruling the demurrer to the complaint as asserted by the Power Company, and that the judgment must be reversed as to this appellant, we are further clear to the conclusion that the ends of justice necessitate a reversal of the judgment in its entirety. This being so, we pretermit a consideration of the errors argued by the two individual appellants, the drivers of the two automobiles.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.

On Application for Rehearing

HARWOOD, Justice.

In brief in support of the application for rehearing, counsel strenuously argue that we erred in reversing this judgment because of the action of the lower court in overruling the demurrer to the complaint.

In deference to counsel's urgent insistence we have carefully reviewed our original opinion and authorities cited therein, as well as the authorities cited by appellee counsel in their brief on rehearing.

In their brief counsel for appellee state, "The sufficiency of the foregoing complaint is fully sustained by the holding of the court in the following cases: Birmingham Railway Light & Power Co. v. Weathers, 164 Ala. 23, 51 So. 303; Barber Pure Milk Co. v. Holmes, 264 Ala. 45, 84 So.2d 345; City of Birmingham v. Young, 246 Ala. 650, [22 So.2d 169]." In this portion of the argument counsel also allude to Ten Ball Novelty & Manufacturing Co. et al. v. Allen, 255 Ala. 418, 51 So.2d 690.

In Birmingham Railway Light & Power Co. v. Weathers, supra, the count claimed damages for injuries suffered by the plaintiff, a passenger on defendant's street car, when "said car started or jerked, or the speed thereof was suddenly increased." After cataloging the plaintiff's injuries and damages, the count concluded with the averment that the plaintiff suffered injuries "as a proximate consequence of the negligence of defendant in or about carrying plaintiff as defendant's passenger as aforesaid."

In reversing the judgment *because of the overruling of the demurrer to the complaint*, the court, among other things, wrote:

"In a long line of cases to be traced back through a hundred volumes of our Reports to Leach v. Bush, 57 Ala. 145, it has been held that, when the gravamen of the action is the alleged nonfeasance or misfeasance of another, as a general rule, it is sufficient if the complainant avers facts out of which the duty to act springs, *and that the defendant negligently failed to do and perform*, etc. It is not necessary to define the quo modo, or to specify the particular acts of diligence he should have employed in the performance of such duty. What the defendant did, and how

he did it, and what he failed to do, are generally better known to the defendant than to the plaintiff; and hence it is that, in such cases, a general form of averment is sufficient. In the numerous cases in which this question has been raised the rule quoted from Leach v. Bush has unquestionably been accepted as meaning that most general allegations of negligence, amounting to conclusions only, may be received as meeting the requirements of our system of pleading; but *it has not been understood to dispense with a categorical averment that the defendant was guilty of negligence.* The burden of allegation has generally been discharged by an allegation that the defendant negligently did or failed to do thus and so.

\* \* \* \* \* \*

"We are still of the opinion that, construing the count most strongly against the pleader, as we must do, because presumptively he stated his facts in the most favorable aspect of which they were capable, and yet construing it fairly, and without wringing the language used out of its ordinary meaning and common acceptation—*we still think that the conclusion of the count means that the facts already alleged in its fore part constitute negligence, and that by reason and as a consequence of them, and nothing besides, plaintiff suffered his injuries, and that such must be taken to have been the intention of the pleader. That conclusion of the count is without authority of law.*" (Italics ours.)

The quotation set forth immediately above confirms our original views as to the insufficiency of the present complaint because of its failure to charge negligence or breach of duty. The present count as to the alleged wrongful acts of the Power Company alleges that the Company "failed to maintain its system of wires \* \* \* in a reasonably safe condition." This is not an allegation that the Company failed to exercise reasonable care in the maintenance. of its wires, nor that the Company negligently failed to maintain its system of wires. As before stated, the system of wires could have become unsafe because of extraneous conditions rather than because of any negligence on the part of the Power Company. Thus, in this aspect, by failing to charge that the Power Company *negligently* failed to maintain its system of wires in a reasonably safe condition, appellee also fails to assert a breach of any duty owed by the Power Company to the appellee.

Since no breach of duty was alleged, nor any act averred constituting negligence as a matter of law, the appellee cannot, by its concluding allegation that his damages were the result of negligence of the Power Company, turn the act of the Power Company as averred into a negligent act. As stated in *Weathers,* supra, "at best that charge" (negligence) "is made by way of inference only."

In Barber Pure Milk Co. v. Holmes, supra, the complaint claimed damages for injuries resulting to the plaintiff, who, while walking on a public sidewalk, was injured "when struck by the door of a truck suddenly opened by a servant of the defendant." Demurrers to the complaint were filed but a reading of the opinion shows that the court was concerned only with (1) whether the complaint alleged facts from which the law would imply a duty owed by the defendant to the plaintiff, and (2) whether it sufficiently averred the relationship of the agency between the driver of the truck and the defendant company. The question of whether a breach of duty was averred was not discussed.

In the present case, counsel for appellant Power Company does not contend that the complaint is deficient in failing to show a duty owed by the Power Company to the defendant. Their contentions are that the present complaint does not aver a breach of the owed duty.

█ The concluding averment in the present complaint is an assertion only of general negligence describing an act which,

insofar as shown by the averments, may or may not be negligent. "Mere alleging that a given act was negligence or was negligently done, without more, is not sufficient." Tennessee Coal, Iron and R. R. Co. v. Smith, 171 Ala. 251, 55 So. 170. In other words, under innumerable of our decisions as shown by the citations in our original opinion, and the numerous cases cited in such authorities, the acts constituting the alleged breach of duty must be averred to have been negligently done, or must be negligent as a matter of law.

In City of Birmingham v. Young, supra, the suit was for claimed damages resulting when the plaintiff drove her automobile into an open ditch in a public street. The complaint contained a general averment that the plaintiff's injuries "were proximately caused by the negligence of defendant in *negligently* permitting said open ditch to be and remain in said highway." (Italics ours.) Thus the act constituting the breach of duty was designated as negligently done. Such was not averred in the present complaint.

So far as we can discern from reading the opinion of the court in Ten Ball Novelty & Manufacturing Co. v. Allen, supra, the sufficiency of the complaint against apt demurrer was not raised nor considered.

We therefore find nothing in the above authorities which should cause us to depart from our original conclusions.

Counsel for appellee in support of their application for rehearing have also placed much reliance upon Tennessee Coal, Iron & R. R. Co. v. Smith, 171 Ala. 251, 55 So. 170; Stokely-Van Camp Inc. v. Ferguson, 271 Ala. 120, 122 So.2d 356, and City of Birmingham v. Smith, 231 Ala. 95, 163 So. 611.

Tennessee Coal, Iron & R. R. Co. v. Smith, supra, involved an action by a servant against a master based solely upon negligence. The only allegation as to negligence in the first count was as follows: "That said injuries and damages were proximately caused by reason of the negligence of defendant." Demurrers were filed to the effect that it did not appear from the count that defendant was guilty of negligence. The lower court overruled the demurrer. As to the sufficiency of Count 1 in its averment of negligence, this court wrote:

"This is not sufficient, nor is it made sufficient by the other allegations showing the relation of the master and servant between the parties. All negligence is not actionable, and pleadings, to be sufficient to state a cause of action grounded on negligence, must affirmatively show that the negligence relied upon is actionable.

\*    \*    \*    \*    \*    \*

"Merely alleging that a given act was negligence or was negligently done, without more, is not sufficient."

It would appear that this case is completely supportive of our original opinion.

In Stokely-Van Camp Inc. v. Ferguson, supra, the complaint specifically averred that the beans, which caused the plaintiff's illness "were so negligently prepared by the Defendant in the operation of its business" as to be spoiled and contaminated, and that plaintiff's injuries were "a proximate result of the Defendant's negligence in its preparation of the Pork and Beans." Clearly such complaint showed a breach of duty and cannot be deemed supportive of appellee's argument.

The last case cited by counsel for appellee in support of their contention that we erred in our original opinion is City of Birmingham v. Smith, supra.

This case was a suit for damages for injuries resulting from the plaintiff's fall into a hole or defect in a public sidewalk. The complaint averred that the hole was without guards or lights, and concluded "and plaintiff avers that all of her injuries and damages were caused as a proximate result of the negligence of defendant

in and about causing or permitting said hole, depression, or excavation to remain in said sidewalk at the time and place aforesaid."

The court first concluded that while the complaint did not expressly aver a dangerous condition, the facts as averred reasonably imported a dangerous condition, and described a dangerous defect.

Where a municipality disregards one of its plainest duties and permits an unguarded, dangerous defect to remain in a sidewalk, where of necessity it is a constant peril to persons walking on the sidewalk, the negligence of the municipality is "obvious and glaring." Mayor and Aldermen of Birmingham v. Lewis, 92 Ala. 352, 9 So. 243; see also, City of Montgomery v. Wyche, 169 Ala. 181, 53 So. 786, where it was held proper for the lower court to instruct the jury that if they believed from the evidence that a ditch into which the plaintiff fell was a dangerous place and the city had failed to erect a guard rail, the failure to erect such barrier was negligence.

Thus the complaint in City of Birmingham v. Smith, supra, averred facts showing negligence per se and the general averment of negligence "in and about causing the defect" was sufficient. This being so, this case is not supportive of the present complaint.

To accord with the argument of counsel for appellee that the present complaint is sufficient would necessitate the overruling of dozens of our cases, extending virtually from the present back to the earliest of our jurisprudential history. We have cited many of these cases.

■ In brief counsel for appellee state that there is no magic in the use of the word "negligently" in describing the doing of an act complained of. Whether magical or not, under the rules laid down in our decisions, such term is essential to show a breach of duty unless the words describing the act of a defendant show in themselves negligent conduct, or show an act

negligent as a matter of law. Such developed rule may be criticized as technical. The purist in pleading requirements would say no. But as stated in Birmingham Railway Light and Power Co. v. Weathers, supra: "We did not create this system, nor are we empowered to destroy it."

Opinion extended; application for rehearing overruled.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.