ON REHEARING OPINION EXTENDED
Defendants McCleod, D J, and Birmingham Wholesale Furniture in application for rehearing claim as unjust our reversing the judgment against Central Bank of Alabama (CBA) and remanding for error in denying the motion of CBA as to improper venue without also reversing the joint judgment against them.
It was said in Alabama Power Co. v. King, 280 Ala. 119,124-25, 190 So.2d 674, 679-80 (1966) as follows:
 "At common law a joint judgment was regarded as an entirety, and a reversal of the judgment as to one defendant required a reversal as to all. . . . This earlier rule of entirety has now been modified to the extent that where a judgment, though joint in form is several in effect, and the interests of the parties are several and independent, then such judgment is not necessarily considered as entire, and such joint judgment may be reversed as to one or more of the defendants and not as to the other. Young v. Woodward Iron Co., 216 Ala. 330, 113 So. 223, on rehearing.
 "This relaxation of the older rule has, however, never been applied where it might work an injustice to one party defendant if the judgment were to be affirmed as to him while reversed as to one or more of the joint defendants . ."
The posture of the judgment in this case as finally entered after motion for new trial and order of remittitur was unusual to say the least. The verdict of the jury and judgment thereon was a joint judgment for $2,750 compensatory damages and $8,000 as punitive damages. The court in ruling on the post trial motion of CBA determined that it had erroneously permitted the claim for punitive damages against CBA to go to the jury. It required a remittitur by plaintiff of all punitive damages against CBA. Such remittitur was duly filed. The court further determined that the jury did not intend to assess $8,000 in punitive damages but only intended to assess $4,000. It therefore ordered a remittitur of $4,000 of the punitive award against defendants McCleod, et al.
The final judgment as remitted was $2,750 compensatory damages jointly against all defendants and the additional amount of $4,000 in punitive damages only against defendants McCleod, et al. Therefore, we have the unusual situation of a joint judgment for $2,750 against all defendants and a separate judgment for $4,000 joint as to all defendants except CBA.
Our reversal as to CBA of the judgment in which CBA is joined does not bar nor prevent further prosecution against it after transfer to the proper forum. We are unable to discern how we could reverse the same judgment as to the remaining defendants without also reversing the judgment against these defendants for punitive damages. That would reverse a judgment to which CBA is not joined and would result in a gross injustice to the plaintiff.
We therefore decline to reverse a judgment against the applying defendants which is joint with the other defendant only in part and which judgment was entered without error or prejudice to such defendants. The judgment as entered is not entire as to all parties and the interest of CBA is largely separate and independent from that of the remaining defendants. We find no substantial injustice results to these defendants as a result of reversing as to CBA and affirming as to the remaining defendants. Alabama Power Co. v. King, supra.
APPLICATION FOR REHEARING IS OVERRULED. OPINION EXTENDED.
BRADLEY and HOLMES, JJ., concur. *Page 103