411 So.2d 139 (1982)
Thomas P. BUSH, Jr., Darien Homes, Inc. and Baker Enterprises, Inc. and Conrad W. Rafield, III
v.
JAMES T. JOHNSON AND COMPANY.
Civ. 2893, 2954.
Court of Civil Appeals of Alabama.
February 10, 1982.
On Rehearing March 3, 1982.
*140 Jack E. Held of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, Birmingham, for appellant Thomas P. Bush, Darien Homes, Inc. & Baker Enterprises, Inc.
James J. Odom, Jr. of Odom & May, Birmingham, for appellant Conrad W. Rafield, III.
No brief for appellee.
BRADLEY, Judge.
This appeal arises out of a suit filed by James T. Johnson and Company against Thomas P. Bush, Jr., Darien Homes, Inc., Baker Enterprises, Inc., and Conrad Rafield, III alleging the breach of a lease agreement.
It appears that the original lessee was Baker Enterprises which later changed its name to Darien Homes, Inc. It also appears that later several of the parties formed Baker Enterprises, Inc. which has also undergone several subsequent name changes.
In March 1977 Baker Enterprises leased office space from James T. Johnson and Company for a period of three years. During the term of the lease, the occupancy of the premises was shared with several of the other corporations. Finally the premises were prematurely vacated in September of 1979. As a result, suit was filed against the corporation involved and individuals who *141 were alleged officers, incorporators, and stockholders of Baker Enterprises, Inc.
The case was called for trial on the morning of May 26, 1981, and the attorneys representing the defendants announced "ready." The attorney for the plaintiff announced that he would not be ready until Wednesday morning, May 27, 1981. At this point the case had not been assigned to a trial judge. The case was marked "ready" for Wednesday at 9:00 a. m. Trial on the merits was commenced on Wednesday morning in the absence of the attorneys for defendants, Thomas P. Bush, Jr., Darien Homes, Inc., and Baker Enterprises, Inc. A judgment was entered against all defendants, including these three defendants, in the amount of $5,402.89 plus court costs.
An A.R.C.P. 59 motion to vacate the judgment as to defendants Thomas P. Bush, Jr., Darien Homes, Inc., and Baker Enterprises, Inc. was filed on the ground that these defendants had no notice that the case was going to be tried on May 27, 1981. This motion was denied. Defendant Conrad Rafield asked for a new trial or judgment notwithstanding the verdict. This motion was also denied. As a result, all defendants appeal to this court.
Two issues are raised in this appeal. The first issue concerns whether the trial court should have vacated the judgment against defendants Thomas A. Bush, Jr., Darien Homes, Inc. and Baker Enterprises, Inc. because it was in effect a default judgment as to them and was thus improperly entered. The second issue is whether the trial court erred in finding the existence of a lease agreement between Rafield and Johnson and Company.
In addressing the first issue, we note that a trial on the merits was held in the absence of defendants Bush, Darien and Baker, Inc. At the conclusion of trial, a judgment was entered against all the defendants. The defendants Bush, Darien and Baker, Inc. contend that the judgment against them was in the nature of a default since they did not appear to defend. In any event, as soon as these defendants learned that a judgment had been entered against them, they filed a motion to vacate the judgment.
Default judgments are not favored by the courts, and the discretion to grant such judgments should be resolved in favor of the defaulting party when there is doubt as to the propriety of the default judgment. Oliver v. Sawyer, 359 So.2d 368 (Ala.1978). The granting or denying of a motion to set aside a default judgment lies in the sound discretion of the trial court, and will be overturned by an appellate court only for an abuse of that discretion. Wade v. Pridmore, 361 So.2d 511 (Ala.1978).
The trial judge in this case was from another county, sitting specially in the Circuit Court of Jefferson County. He refused, however, to vacate the judgment even after being apprised of the custom of the Jefferson County Circuit Court. We find this to be error, and thus reverse the judgment.
It is undisputed that the long-established custom is that an attorney will be called by the clerk of Jefferson County's circuit court when a judge becomes available to hear a case. The defendants appeared at the call of the docket and announced that they were ready. The plaintiff, however, stated that he could not be ready for trial until Wednesday at 9:00 a. m. It appears that at 9:00 a. m. on Wednesday a courtroom became available, and the case was assigned to a trial judge for trial and was tried.
The defendants' attorney stated that he waited in his office all day Wednesday for a phone call telling him that a courtroom was available for the case to be heard. He was never called. Immediately upon learning that a judgment was rendered against these defendants, a motion to vacate was filed.
In the present case defendants relied on a long-established custom of the Jefferson County Circuit Court. We find the case of Williams v. Tyler, 14 Ala.App. 591, 71 So. 51 (1916) to be comparable. In that case a printed docket failed to show that a certain case was set for hearing. It was held that where the attorney had relied on a printed docket, as was the general custom, then a *142 default judgment should have been set aside on the ground of mistake without fault.
In the present case we find that the trial court abused its discretion in not vacating the judgment. Clearly, these defendants' failure to appear was due to excusable neglect because of reliance on a long-established custom. As a result, we find it necessary to reverse the judgment in order to give these defendants an opportunity to appear and defend.
The second issue is an appeal from the trial on the merits by the other defendant in this suit, Conrad Rafield. Rafield's position is that there was not sufficient evidence upon which to base a judgment against him.
We note that the record on appeal contains none of the testimony or evidence adduced at trial. The rule is well settled that a trial court's judgment will be presumed to be supported by the evidence where the trial court received evidence which is not before the appellate court. Consequently, the judgment against Conrad Rafield would necessarily be affirmed. Valley Mining Corp. v. Metro Bank, 383 So.2d 158 (Ala.1980).
In this case, however, the final judgment was rendered against all of the defendants. The relationship between the defendants is so intertwined that it would be unjust to affirm the judgment as to the one defendant who appeared and reverse the judgment as to those who failed to appear. In Alabama Power Co. v. King, 280 Ala. 119, 190 So.2d 674 (1966) it was stated:
At common law a joint judgment was regarded as an entirety, and a reversal of the judgment as to one defendant required a reversal as to all. Some of our earlier cases reflect this rule. See Huckabee v. Nelson, 54 Ala. 12; Massey v. Oates, 143 Ala. 248, 39 So. 142; Lawrence v. Stone, 160 Ala. 382, 40 So. 376. This earlier rule of entirety has now been modified to the extent that where a judgment, though joint in form is several in effect, and the interests of the parties are several and independent, then such judgment is not necessarily considered as entire, and such joint judgment may be reversed as to one or more of the defendants and not as to the other. Young v. Woodward Iron Co., 216 Ala. 330, 113 So. 223, on rehearing.
This relaxation of the older rule has, however, never been applied where it might work an injustice to one party defendant if the judgment were to be affirmed as to him while reversed as to one or more of the joint defendants. In such case the power exists, in the ends of justice, to reverse the judgment in its entirety. City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276; Luquire Ins. Co. v. Parker, 241 Ala. 621, 4 So.2d 259; Zemczonek v. McElroy, 264 Ala. 258, 86 So.2d 824.
In this case we find that the ends of justice necessitate reversal as to all of the defendants. Clearly, it would be unfair to leave this one defendant liable for the whole amount of this judgment. Also, a new trial for less than all of the defendants could result in the entry of inconsistent judgments.
Considering the complex relationship among these defendants, we find it necessary to reverse this case and remand it for a new trial on the merits.
REVERSED AND REMANDED.
WRIGHT, P. J., and HOLMES, J., concur.

On Rehearing
BRADLEY, Judge.
James T. Johnson and Company has filed an application for rehearing in this cause. However, no brief on the merits in opposition to appellants' brief was filed in this court on original submission, thereby precluding an application for rehearing. A.R.A.P. 40; see, Muery v. Muery, 46 Ala. App. 617, 247 So.2d 123 (1971). As a result, the application for rehearing is due to be dismissed.
APPLICATION FOR REHEARING DISMISSED.
WRIGHT, P. J., and HOLMES, J., concur.