127 So.2d 622

Jack A. COX

v.

Ethel CARR.

3 Div. 931.

Supreme Court of Alabama.

March 2, 1961.

Chas. E. Porter, Rushton, Stakely & Johnston, Montgomery, for appellant.

Ball & Ball and John R. Matthews, Jr., Montgomery, for appellee.

GOODWYN, Justice.

Appellee (Ethel Carr) brought suit in the circuit court of Montgomery County against appellant (Jack A. Cox, individually and doing business as Acme Electric Company) and Gerald O. Gray to recover damages for personal injuries allegedly received in a collision between an automobile in which she was a passenger and an automobile owned and being driven by Gray. The complaint consists of three counts. Count 1 alleges that "the defendant negligently ran an automobile into or against the motor vehicle in which plaintiff was riding as a passenger"; Count 2, that Gray, "an agent, servant or employee of the defendant Jack A. Cox, while acting within the line and scope of his employment, negligently ran an automobile into or against the motor vehicle in which plaintiff was riding as a passenger"; and Count 3, that Gray, "an agent, servant or employee of the defendant, Jack A. Cox, while acting within the line and scope of his employment willfully and wantonly injured plaintiff by running an automobile into or against the said motor vehicle in which plaintiff was riding as a passenger." The case went to the jury on all three counts.

The jury returned a verdict in favor of plaintiff against both defendants and judgment was rendered accordingly. Defendant Cox's motion for a new trial being overruled, he brought this appeal. Gray has not appealed, nor has he assigned error.

Appellant assigns as error the giving of appellee's requested charge No. 2. The particular portion of this charge with which we are concerned is the part italicized, viz.:

"2. The court charges the jury that if the defendant, Gerald O. Gray, was operating his own automobile at the time and place of the collision in the business of the defendant, Jack A. Cox, and *with the knowledge and consent of the electrician in charge of him,* then the defendant, Gerald O. Gray, would be acting as the agent or servant of the defendant, and the negligence of the said Gray, if any, in operating said automobile would be chargeable to the defendant Cox."

**660**

One of the seriously disputed questions in the trial of the case was whether Gray, at the time of the accident, was Cox's "agent, servant or employee" and "acting within the line and scope of his employment." There appears to be no question that Gray was one of Cox's employees and was driving his own automobile in going from Cox's office to one of Cox's jobs; that Cox had provided him transportation for that purpose; and that such use was for Gray's personal convenience in having the automobile available at the job site upon completion of the day's work. There is evidence, or inferences from evidence, bearing on the questions whether the electrician in charge of Gray's work-crew authorized Gray to use his automobile in going to the job and, if so, whether the electrician had authority from Cox to permit such use. These two questions presented, under the evidence, factual issues to be resolved by the jury. But the trial court, in giving plaintiff's requested charge 2, in effect made it unnecessary for the jury to resolve the question as to the electrician's authority to act on behalf of Cox in consenting to the use by Gray of his automobile. In other words, it seems to us that charge 2 directed the jury that it was necessary to find only that Gray's use of his automobile was "with the knowledge and consent of the electrician in charge of him," thus making it immaterial whether the electrician had authority from Cox to consent to such use. In the absence of such authority Cox could not be held responsible for the electrician's act in giving consent (assuming that the evidence is sufficient to support a finding that the electrician consented to such use).

We are unable to agree with appellee's insistence that charge 2 is merely misleading, if error at all, and that appellant should have requested an explanatory instruction with respect to it. Nor do we think we would be warranted in applying Supreme Court Rule 45, Code 1940, Tit. 7 Appendix. Our view is that the giving of charge 2 "probably injuriously affected substantial rights" of appellant.

The judgment as to appellant (Cox) is reversed and the cause remanded. As against Gray, the other defendant in the trial court, the judgment is not affected but will stand as though no appeal had been taken. See Tullis v. Blue, 216 Ala. 577, 579, 114 So. 185; Spencer v. Blanke Mfg. & Supply Co., 220 Ala. 350, 353, 124 So. 904; City of Tuscaloosa v. Fair, 232 Ala. 129, 137, 167 So. 276; Hames v. Irwin, 253 Ala. 458, 464, 45 So.2d 281.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.