INGRAM, Judge.
Plaintiff Micella Groh Holliman (the mother) appeals from an decision by the trial court in favor of defendant James Holliman (the father). The mother initiated the present action when she filed a motion to hold the father in contempt for failure to pay, among other things, for their 22-year-old daughter Haley’s tuition and books. Additionally, the mother sought reimbursement for the cost of Haley’s tuition and books in the amount of $5,464.15. The wife also sought delinquent child support payments. In addition thereto, the wife asked the trial court to modify the decree by awarding her custody of the parties’ 17-year-old daughter, Amanda, and by increasing the child support for said minor child.
In response to this petition for contempt and modification, the father filed an answer and counter-petition wherein he alleged that he and Haley had entered into an agreement whereby he would provide her with an automobile in lieu of books and tuition. After an ore tenus hearing, the trial court denied the mother’s petition for contempt and held, in part, as follows: (1) that the father’s liability for Haley’s tuition and books was more than offset by the automobile expenses he incurred on her behalf; (2) that the father was responsible for Haley’s tuition and books as of the spring quarter of 1988 until she graduated in September 1988; (3) that legal custody of Amanda was awarded to the mother; (4) that monthly child support payments in the amount of $200 shall be paid by the father to the mother from March 15, 1988, through July 15, 1989; (5) that $25 as supplemental child support shall be paid Amanda weekly by the father from the date of the order until four years after Amanda’s first day of college. The mother filed a motion for rehearing, which was denied.
Four issues are presented for our review: (1) whether the trial court erred when it refused to hold the father in contempt for failure to pay his daughter’s college tuition and books, as required by the 1981 divorce decree; (2) whether the trial court correctly applied the child support guidelines to the facts of this case; (3) whether the trial court erred when it refused to award the mother’s attorney reasonable fees and costs; and (4) whether the trial court erred when it refused to admit into evidence bank records of the father during the father’s cross-examination. We will address only the first two issues, since the mother failed to present any evidence or authority in brief to support the last two issues raised on appeal. Brittain v. Ingram, 282 Ala. 158, 209 So.2d 653 (Ala.1968).
The record indicates that the parties were divorced in April 1981 after approximately 16 years of marriage. The mother was awarded custody of the parties’ two minor children, Haley and Amanda. In March 1982, custody of Haley was transferred to the father. Subsequently, in February 1983, custody of Amanda was also transferred to the father. The divorce decree was modified to reflect these changes. The mother never assisted the father monetarily while the children were in his custody-
The 1981 divorce decree incorporated an agreement of the parties, which reads, in pertinent part, as follows:
“In addition thereto, the Husband shall pay for tuition and books for each of the minor children to a state supported education institution, to be agreed upon by the Husband and Wife with the best interest of the minor child concerned being considered. The Husband’s liability for tuition and books extends beyond the nineteenth birthday and is in lieu of any *312 further obligation on the part of the Husband to pay the child support beyond the nineteenth birthday.”
The record reveals the following facts regarding this aspect of the trial court’s decree: Haley attended Auburn University at Montgomery (AUM), the University of Alabama at Birmingham (UAB), and Auburn University during her college career. She attended AUM approximately 2-½ years, from the fall quarter of 1983 through the fall quarter of 1985. She then attended UAB for one quarter during the spring of 1986. In September 1986, she moved in with her mother and enrolled at Auburn University on a part-time basis. At the time of the trial, she had been living with her mother and commuting to Auburn for approximately two years.
Conflicting evidence was presented as to the actual college expenses incurred by the father and Haley during the fall quarter of 1983 through the spring quarter of 1985. Up until August 1984, Haley resided with her father, and from August 1983 through August 1984, she shared a joint checking account with him, upon which they both drew checks. The tuition and books for AUM’s fall 1983, winter 1984, and spring 1984 quarters were paid by checks drawn on this account. The daughter claimed through testimony and exhibits that she paid for her tuition and books for those quarters. She also claimed that her father only paid for tuition and books for the fall quarter of 1984 and the winter quarter of 1985. The father testified to the contrary and presented exhibits to support his testimony. He claims that he paid for her tuition and books every quarter through the spring quarter of 1985. He also claims he and his daughter entered into an oral agreement whereby he agreed to pay her transportation expenses (car, insurance, gas) in lieu of her college expenses (tuition and books). Haley insists such an agreement was never discussed.
It is undisputed that the mother paid for Haley’s tuition and books after the spring of 1985. It is also undisputed that she reimbursed Haley for the expenses Haley claimed to have incurred prior to her mother’s assistance. To us, it appears impossible, however, to determine from the evidence presented what portion of the mother’s cancelled checks was for tuition and books and what portion of the can-celled checks was for living expenses. It also appears impossible to determine from the record the number of quarters Haley attended AUM or Auburn University and the exact cost of books and tuition for each quarter at each school. Understandably, the trial court concluded that an accounting of the expenses and liabilities incurred by each respective parent was difficult, if not impossible, to make, based on the evidence presented before it, but the mere off-set of the automobile and its related expenses against Haley’s college tuition and books cannot suffice to satisfy the requirements of the 1981 divorce decree regarding this matter.
A parent has no legal duty to support, maintain, or educate a child once that child has reached the age of majority unless the child is disabled or an agreement to the contrary has been reached by the parties. English v. English, 510 So.2d 272 (Ala.Civ.App.1987). Here, the father agreed to pay for his adult daughter’s tuition and books to a state-supported school mutually agreed upon by the parties. Therefore, the father had a legal obligation under the 1981 divorce decree to pay for expenses incurred by his daughter for books and tuition. However, the father argued, and the trial court found, that there was clear and convincing evidence that the father and Haley reached an understanding that the automobile, insurance, and related expenses provided by the father were to be substituted for the previously agreed upon tuition and books. If, however, such an understanding did occur, it would not be sufficient unless it was first presented to and acted upon by the trial court.
In Landers v. Landers, 481 So.2d 392 (Ala.Civ.App.1985), this court held that the parties’ mutual agreement to modify a previous child support judgment must be approved by the trial court before it can be enforced. There, the parties entered into *313 an agreement at the request of the mother whereby the father would furnish medical care and clothing for the child in lieu of direct monetary payments to the mother as required by their divorce decree. Said agreement was found to be ineffective, however, since it was neither presented to nor approved by the trial court.
In the case at bar, the alleged automobile agreement was between the father and daughter and not between the parties. Nevertheless, we believe the rationale utilized in Landers v. Landers, supra, is applicable to the facts of this case. Here, the father allegedly entered into an agreement with his daughter to modify his support obligations under the 1981 decree. This agreement wherein he agreed to furnish Haley with a car in lieu of tuition and books was never approved by the trial court. Therefore, in view of Landers, this agreement, if such an agreement did in fact exist, must be deemed ineffective and unenforceable.
We now turn to the facts dealing with the second issue presented by the mother. Amanda lived with her father from January 1983 until mid-December 1987, when she moved back to live with her mother. At this time, she was 17 years old and in the twelfth grade. The mother in January 1988 filed a motion seeking custody and child support arrearages for the weeks Amanda had resided with her prior to this motion. She also sought an increase in child support payments due to a material change in circumstances. The trial court awarded her $200 a month in child support to be paid from March 15, 1988, through July 15, 1989. This was the same amount awarded in the original 1981 divorce decree. The trial court also awarded Amanda supplemental child support in the sum of $25 a week to begin a week from the date of the order and continue for four years after Amanda’s first day of college.
The mother contends that the trial court improperly applied the child support guidelines to the facts of this case. Specifically, she contends that the trial court erred when it applied the father’s taxable income rather than his gross income to the support tables provided in Section A of Rule 32, Ala.R.Jud. Administration.
We note that it is within the trial court’s discretion to determine whether a material change in the parties’ circumstances warrants an increase in child support payments. The trial court’s decision on such matters will be affirmed unless an abuse of discretion can be discovered. Spragins v. Spragins, 501 So.2d 478 (Ala.Civ.App.1987). There is no evidence that the trial court abused its discretion in the instant case. The guidelines provided in Section A of Rule 32 are neither mandatory nor binding on the courts. Instead, they serve as guideposts to aid the trial court in its efforts to achieve a more equitable and consistent result when awarding child support payments. Davis v. Davis, 535 So.2d 183 (Ala.Civ.App.1988).
In view of the foregoing, the case is due to be affirmed in part and reversed and remanded in part. Upon remand, the trial court will determine the amount of arrear-age due from the father to the mother for Haley’s college tuition and books so as to satisfy the requirements placed upon the father by the trial court’s 1981 divorce decree.
The wife requests an attorney’s fee on appeal. This court awards her an attorney’s fee in the amount of $550.00.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH DIRECTIONS.
BRADLEY, P.J., concurs.
HOLMES, J., concurs in the result.