INGRAM, Presiding Judge.
The parties were divorced in May 1988. Custody of the minor children was awarded to the mother, and the father was ordered to pay child support. In May 1989, the mother petitioned the trial court to increase the amount of child support to be paid by the father. Following an ore tenus proceeding, the trial court granted the mother’s motion. The posttrial motion of the father was denied, and the father brings this appeal.
On appeal, the father first contends that the mother failed to prove that a material change in circumstances had occurred since the original support judgment and that the trial court, therefore, abused its discretion in modifying the amount of child support. The father also asserts that the trial court *1211 erred in its reliance on the child support guidelines provided in Rule 32, Alabama Rules of Judicial Administration, because the modification was filed prior to the date that the guidelines became mandatory.
Initially, we note that child support payments may be modified if the trial court, in its discretion, determines that there has been a material change in circumstances. Spragins v. Spragins, 501 So.2d 478 (Ala.Civ.App.1987). The trial court also has the discretion to determine whether a material change in the parties’ circumstances warrants an increase in child support payments. Holliman v. Holliman, 539 So.2d 310 (Ala.Civ.App.1988). Furthermore, the trial court’s decision on such matters will be affirmed unless an abuse of discretion can be discovered. Spragins.
The decisions of this court on the issue of abuse of discretion of the trial court in child support modification cases are legion. In view of this, we perceive no precedential value in relating all of the facts of the instant, appeal. We do note, however, that there is sufficient evidence in the record supporting the trial court’s finding that a material change in circumstances warranting a modification of child support has taken place.
The record reflects that since the original decree, the mother has experienced increased expenses associated with the younger child’s starting school and the older child’s involvement in extracurricular activities. Also, the father has experienced an increase in his gross income since the parties were divorced. In view of this, we find no abuse of discretion in the trial court’s finding that a material change in circumstances has occurred.
Here, the trial court, after finding changed circumstances, utilized the Rule 32 child support guidelines in formulating its order. The father asserts that the trial court’s reliance on the guidelines was inappropriate, since the guidelines, as they existed at the time the petition for modification was filed, were neither mandatory nor binding.
We note that the Rule 32 guidelines became binding on the courts of this state on October 9, 1989. Although not mandatory with regard to actions filed prior to that date, the guidelines were to serve as guideposts to aid the trial court in its efforts to achieve a more equitable and consistent result when awarding child support payments. See Brandt v. Riordan, 547 So.2d 569 (Ala.Civ.App.1989). In light of this, we find no error in the trial court’s reliance on the Rule 32 child support guidelines in this case.
The mother’s request for an attorney’s fee on appeal is granted in the amount of $600.00.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.