This is a case involving modification of child support and child custody.
The parties were divorced in November 1986. Primary physical custody of the minor child, age five at the time, was awarded to the mother, and the father was ordered to pay child support in the amount of $200 per month.
In January 1991 the mother petitioned the trial court for an increase in child support commensurate with the Child Support Guidelines found in Rule 32, Alabama Rules of Judicial Administration. The father counterpetitioned for modification, seeking custody of the minor child.
Following an ore tenus proceeding, the trial court granted the mother's petition, increasing the father's child support obligation to $550 per month. The court denied the father's counterpetition for custody. The father's post-trial motions were denied, and he now brings this appeal. We affirm.
It is well settled that the judgment of the trial court is presumed correct and will not be disturbed absent a showing that it is plainly and palpably wrong. Lucero v. Lucero,485 So.2d 347 (Ala.Civ.App. 1986). We must also assume that the trial court applied its discretionary authority and adjudged the best interests of the child when *Page 1169 
arriving at its determination that a change in custody was not warranted. Whitfield v. Whitfield, 570 So.2d 700
(Ala.Civ.App. 1990).
The father first contends that the trial court erred in denying his counterpetition for modification of child custody. Specifically, he maintains that, for the last three years, the child has been exposed to the abusive and intemperate nature of the mother's second husband. He asserts also that, because of her job, the mother is unable to spend any appreciable time with the child.
In a proceeding to modify child custody, the parent seeking the change has the heavy burden of demonstrating that a change of custody would materially promote the child's best interests and welfare. Ex parte McLendon, 455 So.2d 863 (Ala. 1984). The evidence must be so substantial as to disclose an obvious and overwhelming necessity for a change. Whitfield, 570 So.2d 700. This requires a showing that the positive good brought about by the change of custody will more than offset the inherently disruptive effect caused by uprooting the child. Sasser v.Thompson, 457 So.2d 422 (Ala.Civ.App. 1984).
The record reveals that a year after the parties' divorce, the mother married a man who has two children from a prior marriage. At trial the mother indicated that her second marriage has been beset by problems resulting from the blending of two families and that she and the second husband often disagreed about matters concerning the children. She testified that they have separated and are currently in the process of getting a divorce. Her testimony revealed that on one occasion an argument between the two deteriorated into a physical altercation. She claimed, however, that there has never been an incident of abuse toward her child.
The mother also testified that she has a new job that will allow her to spend more time with the child. She stated that, in the past, she arranged for a family friend to care for the child in the evenings when she was at work. Testimony revealed that, after getting out of school at 3:00 p.m., the child generally stayed at the friend's house until 5:00 or 7:00 p.m., usually eating supper with her, and that the mother would pick up the child after getting off work. Notwithstanding the father's allegations, the mother insisted that she always found suitable time to be with her child, despite her job schedule. The child appears to be doing well under the circumstances. Since the time of the divorce he has continuously made all "A's" in school and has participated in numerous extracurricular activities. The mother stated that she has been actively involved in these and other social activities with the child.
We have carefully reviewed the record and find that the father has failed to demonstrate, as required byMcLendon, that removing custody from the mother would materially promote the best interests and welfare of the child. The circumstances to which the father takes greatest exception have, evidently, been remedied to some degree. Furthermore, there is nothing in the record indicating that the mother neglected to safeguard her child's best interests during the course of her second marriage. Although it was necessary for the mother to work evenings to provide for herself and the child, she provided adequate supervision and child care in the form of the family friend. It appears that she is making an effort to balance the need to make a living with the needs of her child. We hold that the trial court did not err in denying the father's counterpetition for modification of custody.
The father next contends that the mother failed to prove that a material change in circumstances had occurred since the original child support judgment and that the trial court, therefore, abused its discretion in increasing the father's obligation from $200 to $550 per month. Because the mother's petition for modification was filed after October 9, 1989, this court will review the trial court's use of the guidelines in their mandatory form. Preface, Rule 32, A.R.J.A.
In its final order the trial court found that the general increase in living expenses due to inflation over a four-and-one-half-year *Page 1170 
period and the increased age of the parties' child constituted a material change in circumstances warranting its application of the Child Support Guidelines. The court bolstered its finding of changed circumstances by citing a "four-fold increase" in the father's net profits from his business.
The Child Support Guidelines provide: "The provisions of any judgment respecting child support shall be modified . . . only upon a showing of a material change of circumstances that is substantial and continuing." Rule 32(A)(2)(i), A.R.J.A. Thus, even when application of the guidelines is mandatory, the trial court has the discretion to determine whether or not a material change in the parties' circumstances has occurred. See Marchmanv. Marchman, 571 So.2d 1210 (Ala.Civ.App. 1990).
The father insists that the mother failed to prove, as required by law, an increase in the needs and expenses of the child between 1986 and 1991. He further asserts that the only evidence presented as to the parties' incomes showed an increase in that of the mother and a decrease in his income from the time of the last decree.
Factors to be considered by the trial court in determining whether there are changed circumstances are the needs of the child and the ability of the parents to respond to the child's needs. Parker v. Firestone, 568 So.2d 824 (Ala.Civ.App. 1990).
The mother testified that she needed more money for child support because "the child is older, and it takes more money to clothe and feed the child, and I am trying to provide him with a nice home." The child, who was five when the original decree was entered, was ten years old at the time of trial. This court has held that the increase in age of a minor child and the correlative increase in need for support, coupled with an increase in the cost of living due to inflation, is sufficient to constitute a material change of circumstances and support a modification. Miller v. Miller, 437 So.2d 574 (Ala.Civ.App. 1983). The father insists that any alleged increase in the financial needs of the child is negated by the fact that at the time of the original decree, the child was enrolled in a day care program costing $500 per month and that the child is no longer in this program. However, we find that such an extraordinary expense, which apparently has not existed for some time, should not be factored into a determination of the increasing needs of the child as they exist today.
The record reflects that since the 1986 decree the mother's gross annual income has increased from approximately $19,000 to approximately $28,000. The father, who is the sole proprietor of a contracting business, testified that his "owner's draw" from the business in 1986 was $28,000, while his draw in 1990 was $27,000. However, tax returns in evidence revealed that the net profit of the father's business in 1989 was $46,527, while the net profit in 1990 was $50,090. These figures were arrived at by subtracting total business expenses from gross business income. There were no tax returns from the 1986 business year in evidence.
For purposes of determining child support, self-employment income is includable as "gross income" under Rule 32(B), A.R.J.A. When earnings are from self-employment, "gross income" means gross business receipts minus ordinary and necessary business expenses. Rule 32(B)(3)(i). Thus, despite the fact that the "owner's draw" taken by the father in 1990 was $27,000, the trial court could properly consider the net income of $50,090 from the father's business when determining whether he had the ability to meet the needs of the child (and when calculating his support obligation under Rule 32). Moreover, when considering the "ordinary and necessary expenses" of the father's business, the court could account for any benefits accruing to the father through his use of the accelerated depreciation method on his taxes. Rule 32(B)(3)(ii). It appears that the court did this and that, acting within its discretion, it determined inappropriate some of the father's claimed business expenses in computing his gross income. Therefore, the trial court had before it evidence *Page 1171 
allowing it to estimate the husband's 1990 income to be greater than $50,090.
We have reviewed the record and conclude that there was evidence of the increased needs of the child, as well as evidence demonstrating the ability of the father to respond to these needs. Because these factors are sufficient to prove a material change in circumstances, we find no abuse of discretion in the trial court's increase of the father's support obligation by applying the Child Support Guidelines. The trial court's decision on such matters will be affirmed absent an abuse of discretion. Marchman, 571 So.2d 1210.
The judgment of the trial court is due to be affirmed.
The mother's request for an attorney's fee on appeal is granted in the amount of $500.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.