Heather Smith ("the mother") and Brian Smith ("the father") were divorced by a November 1, 1999, judgment of the trial court. One child was born of the parties' marriage. Pursuant to the terms of the divorce judgment, the mother was awarded primary physical custody of the parties' minor child, and the father was awarded standard visitation. The father petitioned to modify the divorce judgment, and on April 12, 2001, the trial court modified the judgment to allow the father visitation with the child that accommodated the father's work schedule; the father worked four days and then was off for four days. In addition, the modified judgment required that the father give the mother one week's notice prior to exercising his visitation.
On March 28, 2002, the father petitioned for a modification of custody, alleging a material change in circumstances. The father requested that he and the mother share joint custody of the child, with each parent having physical custody of the child for four consecutive days. The wife answered on April 25, 2002, and filed a "counterclaim" seeking to modify the *Page 1209 
father's visitation. Specifically, the wife requested that the trial court award the father visitation consistent with the trial court's original divorce judgment. In addition to his modification request, the father filed a motion for immediate relief on March 28, 2002, requesting that the trial court enter an order directing the wife to allow him his one-week spring-break visitation with the child as provided for in the trial court's previous orders. The trial court granted the father's motion.
The trial court conducted an ore tenus hearing on the father's petition to modify custody on July 11, 2002, and on that same day entered a judgment in which it awarded the parties joint custody of the child. The trial court also awarded the parties joint physical custody of the child, "alternating in four-day intervals." In addition, the trial court reduced the father's child-support obligation to reflect the new joint-custody arrangement. The mother filed a motion to alter, amend, or vacate the judgment, and a motion seeking to hold the father in contempt; the trial court denied those motions on September 27, 2002. The mother appealed.
It is well settled that when a trial court receives ore tenus evidence in a child-custody-modification proceeding and bases its judgment on its findings of fact, that judgment will not be reversed absent an abuse of discretion or a showing that the findings are plainly and palpably wrong. West v. Rambo, 786 So.2d 1138 (Ala.Civ.App. 2000); E.M.C. v.K.C.Y., 735 So.2d 1225 (Ala.Civ.App. 1999). A judgment based on ore tenus evidence is presumed correct and will be affirmed if supported by competent evidence. N.G. v. L.A, 790 So.2d 262 (Ala.Civ.App. 2001).
As was previously mentioned, the parties divorced in November 1999 and the mother was awarded custody of the child. The husband was awarded standard visitation. After petitioning to modify his visitation with the child in April 2001, the trial court amended the father's visitation as follows:
 "Due to the [father's] work schedule that requires him to work four days and be off four days . . . the parties shall agree for the [father] to have visitation with said child during the time that he is not working, the duration of such visitation shall be at least comparable with that time he would have were the visitation exercised every other weekend. The [father] shall notify [the mother] of his work schedule no less than a week in advance of the time he could exercise visitation."
The parties' child was three years old at the time of the hearing in this matter. The father is a criminal investigator with the Dothan police department and has worked in this capacity for two years. The father testified that his work schedule has changed so that he now works on the weekdays from 8 a.m. until 4 p.m. He lives in a mobile home that at the time of the hearing he shared with his fiancée.
The mother is employed by Eagle Adjustment, where she had worked for one month at the time of the hearing. Before working for Eagle Adjustment, the mother had worked for Alltel and Mia's restaurant. The mother resided with her fiancé at the time of the hearing. Both parties testified that they would cease cohabiting until they are married.
The parties' divorce judgment awarded the father one week of visitation with the child during spring break. The father testified that he had tried to exercise his spring-break visitation during the week beginning March 30, 2002, but that the mother had denied him his visitation with the child. The mother testified that the husband had not given her notice of his *Page 1210 
desire to visit the child in accordance with the divorce judgment and that she had already made plans for the child. According to the father, the one-week-notice requirement to exercise his visitation with the child is a burden. He also stated that he brought the instant action against the mother because she denied him spring-break visitation with the child.
The father testified that he wanted the trial court to award the parties joint physical custody of the child. According to the father, joint custody of the child, with custody alternating between the parties every four days, would give each of the parties an opportunity to have the child on weekends as well as weekdays. The mother testified that the child has a set schedule and routine that would be adversely affected if the parties shared joint custody.
Before the hearing, the child and the mother had lived at the same residence for one year. The child attended Kiddie College daycare during the week, and, the mother testified, she had discipline problems when she was not following a routine. The child had attended Kiddie College daycare since she was four weeks old. The father testified that he does not have a set routine or schedule when he has the child; however, he stated that he does believe stability and consistency are important to the child. According to the father, alternating custody every four days would offer the stability the child needs.
On appeal, the mother contends that the evidence does not support a modification of custody under the applicable standard of review. Specifically, the mother avers that the father failed to establish a material change in circumstances that justified the modification of custody of the child under the standard set forth in Ex parte McLendon,455 So.2d 863 (Ala. 1984).
At the outset we note that, pursuant to the original divorce judgment, the mother was awarded physical custody of the child, and, therefore, she was the custodial parent. See Hays v. Elmore, 585 So.2d 40 (Ala.Civ.App. 1990). Based on the trial court's prior award to the mother of primary physical custody, we are governed by the standard set forth in Ex parteMcLendon in reviewing the trial court's modification of custody. Pursuant to Ex parte McLendon, a parent seeking to modify custody must demonstrate that the change in custody would materially promote the child's welfare and that the disruption caused by the change in custody would be offset by the advantages of that custody change. Ex parte McLendon, supra. The evidence in support of a modification of custody must be substantial, and it must demonstrate an overwhelming necessity for a change. Klapal v.Brannon, 610 So.2d 1167 (Ala.Civ.App. 1992).
In the instant case, we cannot say, based on the record before us on appeal, that there was substantial evidence of the existence of a material change in circumstances warranting a change in the custody of the child. The father testified that the mother's denial of his visitation privileges, specifically the denial of a week-long spring-break visitation, constituted a material change in circumstances warranting a change in custody. Besides that incident, the father failed to demonstrate how a change in custody would materially promote the best interests of the child and how the benefits of that change would offset the inherently disruptive effect caused by a change in custody. See Exparte McLendon, supra. Without the father's meeting the stringent standard set out in Ex parte McLendon, the trial court erred in its custody determination.
It is important to note that the father received his desired week of visitation with the child following the trial court's order *Page 1211 
granting his motion for immediate relief. The father's initial petition, filed simultaneously with his motion for immediate relief, was brought in an attempt to cure visitation problems between the parties. The father testified that he brought the instant action against the mother because the mother had denied him one week of spring-break visitation. However, this court has held that "[c]ustody of children should not be modified due solely to problems of visitation." Hays v. Elmore, 585 So.2d at 42;See also Ward v. Rodenbaugh, 509 So.2d 910 (Ala.Civ.App. 1987). While the record demonstrates the father's difficulty in dealing with the mother regarding matters of visitation, a change in custody is not proper in such instances. The trial court's contempt powers are a sufficient method of regulating the mother's conduct in a manner that will enforce the visitation provisions of the trial court's judgments and best protect and serve the child's best interests.
Based on the foregoing, we conclude that the trial court erred in modifying custody of the child. For this reason, we must reverse the judgment of the trial court and remand this cause. The judgment of the trial court is reversed.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.