CRAWLEY, Judge,
dissenting.
I dissent.
“In the instant case, we cannot say, based on the record before us on appeal, that there was substantial evidence of the existence of a material change in circumstances warranting a change in the custody of the child.... Without the father’s meeting the stringent standard set out in Ex parte McLendon, [455 So.2d 863 (Ala.1984),] the trial court erred in its custody determination.”
Smith v. Smith, 865 So.2d 1207, 1210 (Ala. Civ.App.2003) (emphasis omitted).
The judgment of the trial court in this case stated:
*1024 “[T]he Court finds that there is in fact a material change in circumstances sufficient to justify a change in custody due to [1] the injury and disability of the father, and [2] his change of temperament. The Court further finds [3] that the mother has improved her situation and [4] provides a more suitable home for the children. It is the Court’s determination that the best interests of the children would be promoted by a change in custody.”
The father’s injury occurred 22 months before trial, and his last surgery occurred 9 months before trial. His testimony was undisputed that at the time of trial he prepared meals, mopped and vacuumed, cleaned the house, did laundry, shopped for groceries, drove an automobile, transported the children to school, attended parent-teacher conferences, and helped his daughter with school homework. At the time of trial, the daughter was eight years old and the son was seven years old.
While the father’s injury occurred after the court approved the parties’ agreement to change custody to the father three and one-half years before trial, the mother failed to present any evidence that at the time of trial the result of the father’s injury hindered him from adequately caring for the children. Additionally, although the mother testified about the father’s temperament at the time of trial, she did not testify as to his temperament before the change in custody. She also testified that one of the reasons for the change in custody was due to her depression; however, she presented no proof of her current emotional state.
It was undisputed that the mother had remarried and that her home was suitable for the children; the evidence indicated that, in some respects, the mother’s home was better suited for the children than the father’s home. However, in Ex parte McLendon the supreme court held that a parent’s improvement is insufficient to warrant a change in custody. See Ex parte McLendon, 455 So.2d 863, 866 (Ala. 1984); Wester v. Wester, 500 So.2d 1106 (Ala.Civ.App.1986).
“The evidence in support of a modification of custody must be substantial, and it must demonstrate an overwhelming necessity for a change.”
Smith v. Smith, 865 So.2d at 1210 (emphasis added).
The guardian ad litem recommended that the children remain with the father. She stated that she had learned nothing to indicate that the status quo should be changed. Although some of the testimony was disputed, I believe that, even reviewing the evidence in the light most favorable to the mother, the mother simply did not prove that a change in custody would materially promote the children’s best interests. Accordingly, I conclude that the trial court’s judgment is so unsupported by the evidence as to be an abuse of discretion. Scholl v. Parsons, 655 So.2d 1060 (Ala.Civ.App.1995). I would reverse the judgment.