On Application for Rehearing

THOMPSON, Judge.
The opinion of July 2, 2004, is withdrawn, and the following is substituted therefor:
This is the second time this matter has been before this court.
In J.A.P. v. M.M., 872 So.2d 861 (Ala.Civ.App.2003) (Murdock, J., concurring in the result), this court reviewed a February 4, 2003, judgment in which the Houston Circuit Court (hereinafter “the trial court”) had declared the son (sometimes hereinafter referred to as “the child”) of J.A.P. (“the mother”) and L.W.A. (“the father”) and the mother’s 15-year-old daughter from a previous relationship dependent and had awarded custody of the children to M.M., the children’s maternal grandmother. The underlying action in J.A.P. v. M.M., supra, had been initiated when the maternal grandmother filed an action in the Houston Juvenile Court (hereinafter “the juvenile court”) seeking to have the mother’s 15-year-old daughter declared dependent. At that time, a divorce action between the mother and the father was pending in the trial court, and that part of the divorce action pertaining to the custody of the mother and the father’s son was transferred to the juvenile court. In the juvenile court, the mother, the father, and the maternal grandmother all sought custody of the son. On August 27, 2002, the juvenile court entered judgments awarding custody of the children to the maternal grandmother.
The mother filed a notice of appeal pursuant to § 12-15-120, Ala.Code 1975, for a trial de novo in the trial court with regard to only that part of the juvenile court’s judgment concerning custody of the son. The father filed in the juvenile court a motion in which he acknowledged the award of custody to the maternal grandmother and sought an award of visitation with the son. The father did not appeal the juvenile court’s judgment to the trial court.
In J.A.P. v. M.M., supra, this court held that the dispute between the mother and the maternal grandmother was in the nature of a custody dispute rather than a true dependency action. Therefore, this court reversed the trial court’s judgment and remanded the cause for the trial court “to conduct further proceedings consistent with this opinion and to apply an appropriate custody standard.” J.A.P. v. M.M., 872 So.2d at 867.
On August 19, 2003, less than two weeks after the August 8, 2003, release of this court’s opinion in J.A.P. v. M.M., supra, the father filed in the trial court a petition, entitled “complaint,” in which he sought custody of the son. The mother did not object to the father’s assertion on remand of a claim for custody of the son. On October 30, 2003, the trial court conducted a hearing and received ore tenus evidence on the father’s petition for custody of the son.
*118 On November 7, 2003, the trial court entered a judgment in which it awarded custody of the son to the father. In that judgment, the trial court expressly found that the father had committed domestic violence upon the mother and that, pursuant to § 30-3-131 of the Custody and Domestic or Family Abuse Act, §§ 30-3-131 through -136, Ala.Code 1975, the father was presumed to be an unfit parent. The trial court further found that the father did not present sufficient evidence to override the presumption that the father, because of the acts of domestic abuse, should not be awarded custody of the son. See § 30-3-133, Ala.Code 1975 (“a determination by the court that domestic or family violence has occurred raises a rebuttable presumption by the court that it is in the best interest of the child to reside with the parent who is not a perpetrator of domestic or family violence”). In spite of those findings, the trial court determined that because the mother’s past drug and alcohol use rendered her “borderline unfit” and because of the close relationship between the son and the mother’s daughter, custody of the son should be with the father.[1] The mother filed a postjudgment motion, and the trial court denied that motion. The mother timely appealed.
Initially, we note that this case presents a unique procedural problem. We acknowledge that the mother has not raised in her brief on appeal the issue upon which we base our disposition of this matter. However, because of the history and procedural difficulties of this case, we conclude that we have no alternative but to reverse the trial court’s judgment and remand the cause for the reasons discussed in this opinion.
We first address a threshold matter. It is clear that when the mother appealed the juvenile court’s judgment concerning custody of the son to the trial court for a trial de novo, the father did not file in the trial court any pleading or motion seeking custody of the children. On application for rehearing, the father claims that he did seek custody of the child in the trial court after the mother filed her appeal seeking a trial de novo. However, in his brief on application for rehearing, the father directs this court only to a July 8, 2002, petition for custody he filed in the juvenile court. The father does not refer this court to any petition for custody he might have filed in the trial court after the mother appealed the juvenile court’s August 27, 2002, judgment for a trial de novo.
Where an issue is not raised in a pleading but it is tried by the express or implied consent of the parties, the pleadings may be treated as amended so as to conform to the evidence. Rule 15(b), Ala. R. Civ. P. On application for rehearing, the father contends that the record demonstrates that his claim for custody of the child was tried by the implied consent of the parties during the February 3, 2003, trial de novo. The father directs this court to an exchange between the attorneys and the trial court that occurred before the commencement of the October 20, 2008, hearing conducted on remand. In that exchange, the father incorrectly asserted that, during the course of the litigation, he had always maintained petitions for custody of the child. Also during that exchange, the trial court twice stated that it recalled the custody dispute in the trial de novo as having been between the mother and the grandmother. We note that, in his brief on application for rehearing, the *119 father does not address this court’s discussion, set forth in footnote 3 of our original opinion and of this opinion, of his limited involvement in the February 3, 2003, trial de novo. Our review of the evidence, upon our initial review of this matter in J.AP. v. M.M., supra, upon the original submission in this appeal,[2] and again upon application for rehearing indicates that this is not a case in which the issue of any purported claim by the father for custody of the child was tried by the implied consent of the parties during the trial de novo.[3] Given the record on appeal, we cannot say that the evidence supports a finding that any purported claim for custody by the father was tried by the express or implied consent of the parties during the trial de novo.
Even assuming that the father’s limited participation in the trial de novo somehow amounted to an assertion of a claim for custody, the trial court’s February 4, 2003, judgment awarded custody to the maternal grandmother; thus, in that judgment, the trial court ruled against both the mother and the father. Only the mother appealed the trial court’s February 4, 2003, custody judgment; the father did not appeal. See JAP. v. M.M., 872 So.2d at 863 (“[the father] has not appealed from the trial court’s custody judgment, and, therefore, he is not a party to this appeal. However, [the father] has filed an amicus curiae brief in this court in which he advocates the affirmance of the trial court’s judgment awarding custody of the son to the maternal grandmother.”). Our supreme court has held that where a judgment is adverse to two or more parties but only one party appeals, in general, if the appellate court reverses the judgment on appeal, the party that failed to appeal is bound by the original judgment as if no appeal had been taken. Glasscock v. Wallace, 488 So.2d 1346, 1347 (Ala.1986); Cox v. Carr, 271 Ala. 658, 660, 127 So.2d 622, 623-24 (1961). “We have said that when a decision in a case as to one appellee is not affected by the decision as to the other, a joint judgment may be reversed as to one appellee without disturbing the judgment as to the other.” Hall v. Dexter Gas Co., 277 Ala. 360, 366, 170 So.2d 796, 801 (1965).
There are exceptions to the rule set forth in Glasscock v. Wallace, supra; Hall v. Dexter Gas Co., supra; and Cox v. Carr, supra. Those exceptions are implicated where the parties’ interests are intertwined or interdependent, or where justice *120 requires the reversal of the judgment in its entirety. See CP & B Enters., Inc. v. Mellert, 762 So.2d 356 (Ala.2000); Glasscock v. Wallace, supra; Sealy v. McElroy, 288 Ala. 93, 257 So.2d 340 (1972); Alabama Power Co. v. King, 280 Ala. 119, 190 So.2d 674 (1966); and Bush v. James T. Johnson & Co., 411 So.2d 139 (Ala.Civ.App.1982).
Our supreme court has determined that the facts of several cases have caused those cases to fall within the exception to the rule that where fewer than all parties aggrieved by a judgment appeal that judgment, the judgment is treated as in force as to the nonappealing parties. In Alabama Power Co. v. King, supra, the plaintiff sued Alabama Power and the drivers of two automobiles for damages after his home was destroyed by a fire. It appears that the two drivers hit a power pole, which contributed to causing an electrical fire that destroyed the plaintiffs home. Our supreme court reversed the trial court’s judgment finding Alabama Power liable for damages for that incident. The supreme court then concluded that even though the two drivers had not set forth the same argument upon which Alabama Power had prevailed on appeal, because the drivers’ interests were so “intertwined [with those of Alabama Power] as to be inseparable,” justice required the reversal of the entire judgment. Alabama Power Co. v. King, 280 Ala. at 124, 190 So.2d at 679. In so holding, the supreme court stated:
“At common law a joint judgment was regarded as an entirety, and a reversal of the judgment as to one defendant required a reversal as to all. Some of our earlier cases reflect this rule. See Huckabee v. Nelson, 54 Ala. 12 [(1875)]; Massey v. Oates, 143 Ala. 248, 39 So. 142 [(1905)]; Lawrence v. Stone, 160 Ala. 382, 4[9] So. 376 [(1909)]. This earlier rule of entirety has now been modified to the extent that where a judgment, though joint in form is several in effect, and the interests of the parties are several and independent, then such judgment is not necessarily considered as entire, and such joint judgment may be reversed as to one or more of the defendants and not as to the other. Young v. Woodward Iron Co., 216 Ala. 330, 113 So. 223 [(1927)], on rehearing.
“This relaxation of the older rule has, however, never been applied where it might work an injustice to one party defendant if the judgment were to be affirmed as to him while reversed as to one or more of the joint defendants. In such case the power exists, in the ends of justice, to reverse the judgment in its entirety. City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276 [(1936)]; Luquire Ins. Co. v. Parker, 241 Ala. 621, 4 So.2d 259 [(1941)]; Zemczonek v. McElroy, 264 Ala. 258, 86 So.2d 824 [(1956)].”
Alabama Power Co. v. King, 280 Ala. at 124-25, 190 So.2d at 679-80. See also CP & B Enters., Inc. v. Mellert, 762 So.2d at 365 (the judgment was reversed in favor of the nonappealing defendant because the claims against the two defendants were “so intertwined as to be inseparable” and, in the absence of such a holding, the decision might lead to inconsistent judgments); Bush v. James T. Johnson & Co., 411 So.2d at 142 (a reversal of two default judgments also required the reversal of a judgment on the merits against a codefen-dant because it would be unjust to reverse with regard to the two defendants who did not appear but to leave in place the judgment in favor of the defendant who did appear and make that defendant liable for the entire judgment amount).
In Glasscock v. Wallace, supra, a teacher whose employment had been terminated sued the governor at that time, the State *121 Department of Education, and Wayne Teague, an employee of the Department, seeking reinstatement and backpay. The trial court entered a judgment in favor of the teacher, and Teague and the Department appealed. Our supreme court reversed. Teague v. Glasscock, 456 So.2d 277 (Ala.1984). On remand, the teacher sought to enforce the judgment against the governor, the only defendant who had not appealed. The governor sought relief from the judgment pursuant to Rule 60(b), Ala. R. Civ. P., arguing that his interests had been adequately represented by Teag-ue and the Department in the appeal. The trial court granted the governor’s Rule 60(b) motion, and our supreme court affirmed. In doing so, our supreme court quoted the following portion of the trial court’s judgment and adopted it as the reasoning and holding of the court:
“‘[T]he court finds the following statement at 5B C.J.S. Appeal & Error § 1920 [(1958)] informative in this case:
“ ‘ “The rule that reversal on appeal by a party does not justify reversal of nonappealing parties, however, is not invariable, and where the judgment is not severable, or where the rights and interests of the parties are so intermingled and interdependent that reversal in favor of one would injuriously affect the right of his co-parties, the court, if reversal is proper as to appellant, may reverse as to non-appealing parties.” ’ ”
Glasscock v. Wallace, 488 So.2d at 1347-48 (emphasis added).
In another case, our supreme court concluded that the interests of the parties were not so interdependent as to require that the judgment be reversed in its entirety. In Sealy v. McElroy, supra, the plaintiffs asserted a claim of breach of warranty against a real-estate agent, the corporation that had owned the real property at issue, and the person who owned a 99% interest in corporation, with regard to the plaintiffs’ purchase of certain real property. The jury returned a verdict in favor of the plaintiffs and against all three defendants, and the trial court entered a judgment on that verdict. Our supreme court reversed that part of the judgment pertaining to the real-estate agent, concluding that the agent could not be, under the facts of the case, bound in his individual capacity by any alleged misstatements he might have made. Sealy v. McElroy, 288 Ala. at 104, 257 So.2d at 349-50. The other two defendants argued that a reversal of that part of the judgment pertaining to the real-estate agent necessitated a reversal of the entire judgment. Our supreme court rejected that argument, citing the above-quoted passage from Alabama Power Co. v. King, supra, and concluded that the facts of that case did not “justify a reversal of the judgment” as to the other defendants. Sealy v. McElroy, 288 Ala. at 107, 257 So.2d at 352.
Applying the principles set forth in the foregoing cases, in particular Alabama Power Co. v. King, supra, and Glasscock v. Wallace, supra, we conclude that this court’s opinion in J.A.P. v. M.M., supra, did not reverse the trial court’s February 4, 2003, custody judgment in its entirety. In this case, the judgment is severable. See CP & B Enters., Inc. v. Mellert, supra; Glasscock v. Wallace, supra. The father’s and the maternal grandmother’s interests were not, and the father’s and the mother’s interests were and are not, “so intertwined as to be inseparable,” see CP & B Enters., Inc. v. Mellert, 762 So.2d at 365, or “intermingled or interdependent,” see Glasscock v. Wallace, 488 So.2d at 1348. Further, in this case, the father did not appeal the juvenile court’s judgment, he did not seek custody in the trial de novo in the trial court, and, even assuming that he *122 had sought custody in the trial de novo in the trial court, he did not appeal the trial court’s award of custody to the maternal grandmother, a third party. Therefore, given the facts of this case, we cannot say that “the ends of justice” require this court to deem J.A.P. v. M.M., supra, as having reversed the trial court’s custody judgment in its entirety. See Alabama Power Co. v. King, 280 Ala. at 125, 190 So.2d at 680. We hold that this court’s opinion in J.A.P. v. M.M., supra, reversed the trial court’s judgment only as it pertained to the appellant in that case, the mother. The trial court’s judgment, as it pertained to the father, remained in effect as if no appeal had been taken. See Cox v. Carr, supra.
This court’s holding and opinion in J.A.P. v. M.M., supra, became the law of the case.
“The issues decided by an appellate court become the law of the case, and the trial court has a duty to comply with the appellate mandate according to the true intent and meaning of the mandate as determined by the reviewing court’s directions. Walker v. Carolina Mills Lumber Co., 441 So.2d 980 (Ala.Civ.App.1983). When the mandate of the appellate court is not clear, the court’s opinion should be consulted.”
Ex parte McWhorter, 716 So.2d 720, 722 (Ala.Civ.App.1998). Therefore, the trial court, as well as this court, was bound by this court’s opinion in J.A.P. v. M.M., supra.
The mother and the maternal grandmother were the only parties to the appeal in J.A.P. v. M.M., supra. Therefore, when this court reversed the judgment at issue in J.A.P. v. M.M., supra, in order for the trial court to apply the appropriate custody standard, this court was requiring the trial court, based on the evidence already presented to it, to resolve the issue of an initial custody determination between the only parties to that appeal, the mother and the maternal grandmother.
On remand, however, the trial court failed to make a custody determination between the mother and the maternal grandmother. Thus, the trial court did not comply with this court’s instructions in that opinion. In a recent case, this court has explained the issue of complying with an appellate mandate as follows:
“In Ex parte Dodson, 459 So.2d 884 (Ala.Civ.App.1984), this court had previously reversed the judgment and remanded the case in a workers’ compensation action after the trial court had denied the worker’s claim for benefits for an occupational disease. See Dodson v. Atrax Div. of Wallace-Murray Corp., 437 So.2d 1294 (Ala.Civ.App.1983). On remand, the trial court ordered the matter retried, and the worker filed a petition for a writ of mandamus in this court, arguing that the trial court must determine the action based on the evidence already before it. This court held that it would issue the writ, within 10 days of the date of the opinion, if the trial court did not enter a judgment finding that the worker suffered from an occupational disease and determining the benefits to which the worker was entitled. In so holding, this court explained:
“ ‘Although the directions we gave the trial court in our opinion concerning the disposition of the case upon remand are not as specific as they should have been, we nevertheless consider that our directions are clear enough for the trial court to follow in disposing of the case.
“ ‘As noted above we reversed the trial court’s finding that claimant had not suffered a compensable disability and went on to point out that the *123 evidence does show that claimant suffers from an occupational disease and that her earning ability is impaired. We then remanded the cause for the trial court to proceed to a disposition of the case in accordance with our conclusions. What was left for the trial court to do in these circumstances?
“ ‘In view of our finding that claimant’s earning ability had been impaired by the contraction of an occupational disease, the only step to be taken by the trial court in disposing of this case was to determine the percentage of claimant’s earning impairment based on the evidence already before it and award compensation benefits as required by the evidence and the law.
“ ‘In the case at bar the trial court is not authorized to conduct a completely new trial but is limited to disposing of the case in accordance with the directions given to it by this court. Hames v. Irwin, 256 Ala. 319, 54 So.2d 293 (1951).’
“Ex parte Dodson, 459 So.2d at 885 (emphasis added).
“In Murphree v. Murphree, 600 So.2d 301 (Ala.Civ.App.1992), this court had previously reversed a child-support award, which had been determined before the adoption of the Rule 32, Ala. R. Jud. Admin., child-support guidelines, concluding that the child-support award was beyond the wife’s ability to pay. See Murphree v. Murphree, 579 So.2d 634 (Ala.Civ.App.1991). On remand, the trial court applied the Rule 32 child-support guidelines and ordered the wife to pay an amount greater than that required in its original judgment. This court reversed the judgment, noting that the trial court was not free to reconsider the issue decided by the appellate court. Although the first appeal was remanded ‘for further proceedings,’ this court held that ‘[cjlearly, given the facts and the language of the opinion, “further proceedings” meant a reduction in the amount of child support awarded.’ Murphree v. Murphree, 600 So.2d at 303.
“In Auerbach v. Parker, 558 So.2d 900 (Ala.1989), our supreme court had reversed a judgment declaring a road to be a private road. See Auerbach v. Parker, 544 So.2d 943 (Ala.1989). On remand, the trial court entered a judgment declaring the road to be a public road and ordering the Auerbachs and Parker to remove any gates they had erected across the road. The Auerbachs appealed, arguing that the trial court erred in declaring the road to be a public road. Our supreme court affirmed, holding that the trial court, in its judgment, had complied with that court’s mandate. That court concluded that ‘[the] issue, having already been settled by appellate decision, with no application for rehearing being filed by either party pointing out any error in the Court’s opinion, was no longer within the province of the trial court.’ Auerbach v. Parker, 558 So.2d at 903.”
City of Gadsden v. Johnson, 891 So.2d 903, 906 (Ala.Civ.App.2004).
On remand from J.A.P. v. M.M., supra, the trial court, in resolving the issue of the initial custody determination, could have made an award of custody only to either the maternal grandmother or the mother. We note that it appears from the record that the maternal grandmother did not assert a claim to custody of the child after the release of this court’s opinion in J.A.P. v. M.M., supra. However, no judgment or order was entered to reflect any custody determination or resolution of the initial *124 custody dispute at issue in J.A.P. v. M.M., supra.
The failure of the trial court to enter a judgment between the parties to the appeal in JAP. v. M.M., supra, in compliance with this court’s remand instructions results in there being no prior custody judgment regarding the child. The existence or nonexistence of a prior custody award affects the evidentiary burden a parent must meet in seeking an award of custody. If the father had sought an initial award of custody in the trial de novo in the trial court and had, like the mother, been a party to the appeal in JAP. v. M.M., supra, and had obtained a reversal of the trial court’s judgment awarding custody of the child to the maternal grandmother, on remand the trial court would have applied the “best interests” standard. See Ex parte Couch, 521 So.2d 987 (Ala.1988) (where there is no prior custody determination in favor of either parent, the trial court applies the “best interests” standard in which both parents are on equal ground and there is no presumption in favor of either parent). However, the father has waived any claim to custody of the child in the initial custody determination.
Therefore, if the parties and the trial court had complied with this court’s mandate, the father, in asserting a claim to custody of the child after remand, would be required to meet the more stringent custody standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), that applies to modifications of a prior (in this case, the initial) custody order. Scholl v. Parsons, 655 So.2d 1060, 1062 (Ala.Civ.App.1995). The McLendon standard requires the father to present evidence that the change in custody would materially promote the child’s best interests and that the benefits of the change would offset its inherently disruptive effects. Ex parte McLendon, supra; Smith v. Smith, 865 So.2d 1207, 1210 (Ala.Civ.App.2003). We note that even if this court were able to review the merits of the trial court’s November 7, 2003, judgment, it is clear from the language of that judgment that the trial court applied the “best interests” standard applicable only to initial custody determinations. See Ex parte Couch, supra.
We acknowledge that the mother has not asserted an argument that the trial court erred in failing to comply with this court’s mandate in J.A.P. v. M.M., supra. However, for the reasons discussed in this opinion, appellate review of this matter in its current posture is not possible. Therefore, this court has no alternative but to reverse the trial court’s judgment and remand the cause for the trial court to comply with the mandate of both this opinion and this court’s opinion in J.A.P. v. M.M., supra.
OPINION OF JULY 2, 2004, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REVERSED AND REMANDED.
YATES, P.J., concurs.
PITTMAN, J., concurs in the result, without writing.
MURDOCK, J., dissents, with writing, which CRAWLEY, J., joins.

. The record contains no judgment or order that awards custody of the mother’s daughter to the father.

. This court granted the mother’s motion to incorporate the record on appeal in J.A.P. v. M.M., supra, into the record for the matter currently before this court.

. The father participated in the trial de novo through his attorney's questioning of the witnesses presented by the mother and the maternal grandmother. The father did not present at the trial de novo any evidence of his own in support of any purported claim seeking an award of custody to him. A review of the father's questioning of the witnesses presented by the parties in the trial de novo in the trial court tends to indicate that the father supported an award of custody to the maternal grandmother rather than to the mother. Further, as noted in this court's opinion in J.A.P. v. M.M., supra, the trial court cut short the trial de novo because the mother's attorney " 'badger[ed]' " the daughter. The trial court, however, allowed the mother to make an offer of proof regarding the additional evidence she had planned to present. J.A.P. v. M.M., 872 So.2d at 867. The father did not ask or attempt to make any offer of proof concerning any evidence he might have presented in support of any claim for custody, nor did the father object to the trial court's decision to end the trial de novo in the midst of the mother's presentation of evidence in support of her claim for custody. The trial court’s judgment awarding custody of the child to the maternal grandmother as opposed to the mother made no mention of the father or of any claim for custody that might have been asserted by the father in that court.