MURDOCK, Judge,
concurring in the result.
In Klapal v. Brannon, 610 So.2d 1167 (Ala.Civ.App.1992), and in á number of subsequent cases, I believe this court mis *1238 states the rule of Ex parte McLendon, 455 So.2d 863 (Ala.1984), by stating that, in order to modify the custody of a child, there must be an “overwhelming necessity” for the change. I do not find this standard to be stated anywhere in our Supreme Court’s opinion in Ex parte McLendon.
What is required by McLendon is that the child’s interest must be “materially promoted” by the proposed change of custody. Both in McLendon, itself, and in the more recent case of Ex parte J.M.F., 730 So.2d 1190, 1194 (Ala.1998), our Supreme Court explains that “material promotion” requires that the positive good to be brought about by the proposed change must “more than offset” the disruption that would be caused thereby. See Smith v. Smith, 865 So.2d 1207, 1211-13 (Ala.Civ.App.2003) (Murdock, J., concurring in the result) (reviewing the text of the Supreme Court’s opinion in both Ex parte McLen-don and Ex parte J.M.F.).
Further, at that point at which the benefit more than offsets the harm, the modification is inherently and logically in the child’s best interest. To hold out for anything more — that is, to “ ‘set[] the bar’ for changes of custody at a level higher than does Ex parte McLendon,” see Smith, 865 So.2d at 1213 (Murdock, J., concurring in the result) — may result in denials of changes of custody in cases when it actually has been shown to be in the child’s best interest to make the change. If the best interest of the child is indeed the “polestar” for the legal standards that are to govern our child-custody cases, I believe we must reexamine our occasional reliance on the overwhelming-necessity standard articulated in Klapal v. Brannon. See Smith, 865 So.2d at 1211-13 (Murdock, J., concurring in the result) (reviewing Klapal and the history of the “overwhelming necessity” standard).
Today, this court, once again, reiterates the “overwhelming necessity for a change” standard. 900 So.2d at 1232 (citing Smith and Klapal, supra). Because I find that standard to be one that is not only not expressed in Ex parte McLendon, but is in fact inconsistent with the application of the McLendon standard in many cases, see Smith, 865 So.2d at 1211-13 (Murdock, J., concurring in the result), I cannot fully concur in the analysis of the main opinion.
In fact, this case, in my opinion, is an example of one in which the use of the “overwhelming necessity” standard does set the bar too high. This is a very difficult case. I do not believe the evidence in this case supports a finding of “overwhelming necessity” for a change. In my opinion, therefore, a vote to affirm the trial court’s decision to change the child’s custody is inconsistent with the application of the overwhelming-necessity standard.
Under the “material promotion” standard that is expressed in Ex parte McLen-don, however, I do find sufficient evidence in the record from which I believe we are obligated to affirm the trial court’s judgment regarding custody. Given the record before us, I cannot say that the trial court’s decision is the same one I would have reached had I been the trial judge. This court, however, is not allowed to reweigh the evidence and substitute our judgment for that of the trial court. I therefore concur in the result reached in the main opinion.