MURDOCK, Justice
(dissenting).
The so-called “McLendon standard”[1] serves as a mechanism to help ensure that the trial court, in attempting to determine the best interest of the child in relation to a proposed change of custody, does not overlook whatever disruption might be occasioned by the proposed change to the end that the trial court correctly determines whether the positive good for the child to be brought about by the proposed change more than offsets the particular disruption that would be caused. Of course, the degree of disruption that will occur can vary greatly from one case to another, just as can the positive benefits of proposed changes. Because I believe the trial court in this case incorrectly considered the McLendon standard to be a more uniformly “severe” restriction than it in fact is, I would grant the petition so that this Court could further examine the record and whether the trial court’s approach to this case conflicts with the decision of this Court in Ex parte Cleghorn, 993 So.2d 462, 467-69 (Ala.2008). See also Ex parte J.M.F., 730 So.2d 1190, 1194 (Ala.1998); Smith v. Smith, 865 So.2d 1207, 1211-13 (Ala.Civ.App.2003) (Murdock, J., concurring in the result); and M.W.W. v. B.W., 900 So.2d 1230, 1237-39 (Ala.Civ.App.2004) (Murdock, J., concurring in the result).
MOORE, C.J., and WISE, J., concur.

. Ex parte McLendon, 455 So.2d 863 (Ala.1984).